## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

GAINES' ADM'R *v.* MARYE, AUDITOR.

January 14, 1897.

1. CODE OF 1887—*Construed as one act—If sections not harmonious, origina*l
   *acts may be looked to—Register of Land Office—Salary—Sections 183 and*
   *1908 of Code.*—The Code of 1887 was adopted as one act, and all of its
   parts took effect at the same time. The various sections are to be con-  ·
   strued together as one act. If harmonious, the acts from which the
   sections were taken cannot be resorted to to discover errors in the re-
   vision. If there is a lack of harmony between the various sections, or
   their meaning is not clear, the original statutes revised may be looked
   to in order to ascertain the latest expression of legislative intent. Ap-
   plying this rule to sections 183 and 1908 of the Code, the Register of the
   Land Office is entitled to a salary of $1,500 a year, and no more, for the
   discharge of the duties of that office and the offices of Superintendent
   of Public Buildings, and of Weights and Measures.

Original application for a writ of *Mandamus* against the
Auditor of Public Accounts.

*Mandamus denied.*

The opinion states the case.

*M. M. Martin* and *S. D. Davies,* for the petitioner.

*Attorney-General R. Taylor Scott,* for the respondent.

RIELY, J., delivered the opinion of the court.

It is enacted in the eighth sub-division of sec. 183, of the
Code, that "The Register of the Land Office, who shall also be
the Superintendent of Public Buildings, and also of Weights
and Measures, and as such shall perform and discharge all the
duties belonging thereto, as fixed and determined by law,"

shall annually receive "the sum of fifteen hundred dollars, which shall be compensation for all his services."

It thus distinctly appears that the Register of the Land Office is made *ex officio* the Superintendent of Public Buildings, and also the Superintendent of Weights and Measures, and is required to perform and discharge all of the duties pertaining to the three offices.    It is equally as clear that his entire compensation for the performance of all these services is expressly fixed by the said section at fifteen hundred dollars *per annum.*

In sec. 1908, of the Code, there is the further enactment that "The Register of the Land Office shall be Superintendent of Weights and Measures, and as such Superintendent shall receive a compensation of three hundred dollars *per annum.*"

The two sections, with respect to the compensation of the Register of the Land Office, present a case of apparent, if not real, repugnancy.    It is the duty of the court to reconcile them, if it be possible to do so, and so to construe them as to give effect to each.

If, under the provisions of sec. 1908, the sum of $300 is allowed the said officer in addition to the salary given to him by sec. 183, he would annually receive the sum of $1,800, when by sec. 183 the compensation for his services in the discharge of the duties pertaining to all three of the offices is expressly fixed at $1,500 *per annum.*    The allowance of the additional sum of $300 *per annum* for the discharge by the Register of the Land Office of the duties of Superintendent of Weights and Measures would consequently be in direct violation of the eighth sub-division of sec. 183.

Sec. 1908 does not declare that the compensation given by it shall be in addition to the compensation as fixed by sec. 183, and, in view of the express provisions of this section, should not be so construed, unless the language of sec. 1908 makes this construction imperative, but should rather be con-

strued to be in part of the sum so fixed as the entire compensation for the services of the Register of the Land Office in performing the duties belonging to all three of the offices. If this be not a legitimate construction of sec. 1908, then the two sections are irreconcilable, and the question arises, which, if either of them, shall prevail.

The Code is a revision of the statute law of the State as it existed at the time of the revision. It was adopted by the Legislature as one act, and all its parts took effect equally and simultaneously. Notwithstanding the fact that the Code is a revision of the statute law, if its various sections are harmonious and their meaning plain, resort cannot be had in construing them to the original statutes to see if any error was committed in the revision. Where harmonious, and their meaning clear, they speak for themselves, and must be interpreted and given effect as revised. If, however, there is a substantial doubt as to their meaning, the law which was the subject of the revision may be looked to in ascertaining their meaning. If they are inconsistent and cannot stand together, the original statutes, and the respective dates of their enactment, may be examined to see what was the last expression of the will of the Legislature on the subject. And this last expression of the legislative will, when ascertained, if it be embodied in the revision, must prevail in construing inconsistent and repugnant parts of the law as revised. *Winn's Admx.* v. *Jones,* 6 Leigh 74; and *U. S.* v. *Bowen,* 100 U. S. 508.

The two sections of the Code under consideration being irreconcilable, unless the compensation prescribed in sec. 1908 can be properly construed to be a part of the salary allowed by sec. 183, it is the duty of the court to examine the former statutes, and ascertain which of the two sections contain the last expression of the will of the Legislature, and give effect to the one that contains it. An examination of the original statutes shows that the latest legislation on this subject, prior

to the adoption of the Code of 1887, is contained in the Acts, 1877-'78, ch. 183, p. 170. It was there enacted that "The Register of the Land Office, who shall also be Superintendent of Public Buildings, and also of Weights and Measures, and as such shall perform and discharge all the duties belonging thereto, as fixed and determined by law, shall receive as a salary for the whole, fifteen hundred dollars." This act also expressly repeals sec. 5, of ch. 13, of the Code of 1873, which allowed the Register of the Land Office the sum of $300 for performing the duties of the office of Superintendent of Weights and Measures.

The part of the Act of 1877-'78, quoted above, is identical in language, as well as in substance, with the eighth sub-division of sec. 183, except as to the phraseology of the last line, which is only slightly and immaterially altered. This being the last expression of the legislative will, it must prevail, and the claim of additional allowance under sec. 1908 be denied. So that whether the compensation mentioned in that section be construed to be a part of the compensation prescribed in sec. 183, or the two sections be held to be irreconcilable, the result is the same. The compensation of the Register of the Land Office for the discharge of the duties of the three offices referred to is, as fixed by sec. 183, the sum of fifteen hundred dollars *per annum*.

This conclusion accords with what may be fairly inferred was the opinion of the petitioner's testator, for he was the Register of the Land Office from January 19, 1888, to the time of his death, January 4, 1895, and during his seven years of service he only drew the salary of $1,500 *per annum* as fixed by sec. 183, and made no demand for the additional allowance now claimed under sec. 1908.

For the foregoing reasons, the writ of *mandamus* must be denied.

*Mandamus denied.*