IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

FULKERSON, COM'R, v. TREASURER OF CITY OF BRISTOL.

JULY 15, 1897.

1. TAXES—*Bonds and Notes for Purchase Price of Property in Hands of Commissioner of Court—Relief Against Erroneous Assessment—Presumption as to Date of Return of Property Books.*—Notes or bonds in the possession of a commissioner of a court, which were executed for the purchase price of real or personal property sold under a decree of the court, are not subject to taxation, and should not be listed for taxation under the Act of March 4, 1896, (Acts 1895-6, ch. 705, p. 773). This Act does not increase the subjects of taxation, but simply prescribes a different method of assessment from that prescribed by sec. 493 of the Code. Under neither Act are such bonds taxable, but if they have been listed for taxes, relief can only be had by motion before the proper court within two years after delivery to the treasurer of the books in which the taxes are entered. In the absence of evidence to show when the books were so delivered, it will be presumed that they were delivered within the time prescribed by law.

Error to a judgment of the Corporation Court of the city of Bristol, rendered December 19, 1896, on a motion made by the plaintiff in error to correct an erroneous assessment of taxes on personal property. *Reversed.*

The opinion states the case.

*Fulkerson, Page & Hurt,* for the plaintiff in error.

*J. S. Ashworth,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

This case presents for decision the question whether notes in the possession of a commissioner, which were executed for the purchase price of property sold under a decree of the court, are subject to taxation.

All persons are assessable with taxes on all their personal estate, except such as is exempt from taxation, as well as on their real estate; and to that end, they are required to furnish to the commissioner of the revenue a list of such property, moneys, *credits*, or other subjects of taxation as required by law, and the value thereof.   Code, sec. 491.

By sec. 489, it is provided that the word "credits" shall be construed to mean all solvent debts, claims, or demands owing or coming to any person.

If the property consists of moneys, bonds, or other evidences of debt, under the control or in the possession of a receiver or commissioner, it shall be listed by and taxed to such receiver or commissioner, and the clerk of each court is required to furnish the commissioner of the revenue with all bonds and funds held by the commissioners or receivers under the authority of the court.   Sec. 492.

Sec. 493 provides the mode in which bonds and other evidences of debt held by commissioners or receivers under the authority of the court shall be furnished to the commissioner of the revenue by the clerk of the court, and specifies particularly what he shall so furnish.   He is required to make out and deliver to the commissioner of the revenue, upon forms or lists for valuation furnished to him by such commissioner, a statement

of all money, bonds, or other evidences of debt under control of the court whereof he is clerk, or in possession of a receiver or commissioner of said court, "other than bonds or other evidences of debt executed for the purchase price of property, real or personal, sold under a decree of such court."

It thus clearly appears that notes given for the purchase price of property sold at a judicial sale are not to be furnished by the clerk to the commissioner of the revenue. The clear implication from this provision is that they are exempt from being listed for taxation, and consequently are not taxable in the hands of the commissioner of the court. The reason for this is very obvious. As has been shown, all persons are required to furnish to the commissioner of the revenue for taxation a list of all his personal property, money, *credits*, or other subject of taxation as required by law, and the value thereof; and that the word "credits" shall be construed to mean all solvent debts, claims, or demands owing to or coming to him. By virtue of these provisions, the person to whom the debt is due, for the payment whereof the property was sold under the decree, is required to include such debt in his list for taxation, if it be solvent, and if not wholly solvent, its value to the extent that it will be paid out of the purchase money, notes or otherwise. If, then, the notes out of which it was payable were also taxed in the hands of the commissioner, it would be a clear case of double taxation, and be unconstitutional and void. By the constitution of the State, all taxation, except as otherwise provided, is required to be equal and uniform; and an examination of the statutes enacted by the legislature with reference to taxation will disclose how careful it has been not to offend against this just limitation upon the right of taxation.

The Act of March 4, 1896, (Acts 1895-6, p. 773, ch. 705), which is only applicable to the taxes assessed for the year 1896, does not add to the list of taxable property, and does not increase the subjects of taxation. It was only intended to provide, as its title expresses, "a method for the better assessment of per-

sonal property under the control of fiduciaries and the several courts of the Commonwealth." Instead of the clerk being required to furnish to the commissioner of the revenue the statement of all money, bonds, or other evidences of debt under the control of the court, or in the possession of a receiver or commissioner as theretofore prescribed by secs. 492 and 493 of the Code, the Act creates the office of examiner of records in each judicial circuit, and imposes on him the duty to examine annually the records of the courts of his circuit, and ascertain the moneys, notes, bonds, choses in action, and other evidences of debt held by any bank, receiver, fiduciary, or other person, firm, or corporation, or held subject to the order of such courts, and report the same to the commissioner of the revenue of the county or corporation for which such examination is made; and thereupon such commissioner shall assess the taxes thereon, as if such report was made by the clerks of said courts, or by fiduciaries, as was then prescribed by law.

In so far as the question before us is concerned, it is not affected by the Act. The Act simply substitutes the examiner in the place of the clerk to furnish the required list to the commissioner of the revenue. It in no wise repeals the provision of sec. 493 of the Code, which exempts bonds or other evidences of debt executed for the purchase price of property from being returned to the commissioner of the revenue to be assessed with taxes, or authorizes their taxation.

The Act provides by its last clause, that all acts and parts of acts inconsistent with it are thereby repealed, but it neither expressly repeals the provision of sec. 493 of the Code, previously quoted, nor contains anything inconsistent with it. Such a clause is usual, where the act of which it forms a part covers the subject-matter of other acts or parts of other acts, and the intention it not to repeal the latter wholly, but only so far as they are inconsistent with the last act. In *Hogan* v. *Guigon*, 29 Gratt. 710, Judge Burks said: "It indicates a partial repeal only, and an intention to preserve portions of former acts relative to

the same subject matter.   Such a clause, says Mr. Justice Strong, is an express limitation of the extent to which it was intended that former acts should cease to be operative; namely, only so far as they are inconsistent with the new act.   It is quite inadmissible to engraft upon this express declaration of legislative intent an implication of more extensive repeal."

And in view of the well-guarded policy of the legislature to refrain from double taxation, as seen in its statutes enacted for the assessment of taxes, it is not to be presumed that it intended to repeal the said provision and to require that notes in the possession of a commissioner of a court, which were executed for the purchase price of property sold under a decree of the court, should be taxed, unless the act clearly manifested such an intention.

The repeal of statutes by implication is not favored by the courts.   The presumption is always against the intention to repeal where express terms are not used.   To justify the presumption of an intention to repeal one statute by another, the two statutes must be irreconcilable.   If by a fair and reasonable construction they can be reconciled, both must stand.   *Fox* v. *Commonwealth*, 16 Gratt. 1; *Hogan* v. *Guigon*, 29 Gratt. 705; *Davies & Co.* v. *Creighton*, 33 Gratt. 696; *Henderson's Tobacco*, 11 Wall. 652, 656; and *McCool* v. *Smith*, 1 Black (U. S.) 459.

The plaintiff in error, who, as commissioner in a certain cause pending in the Circuit Court of Washington county, held certain notes executed for the purchase of property sold under the decree of said court, and had been assessed by the commissioner of the revenue for the city of Bristol with State and city taxes on the said notes for the years 1893, 1894, 1895, and 1896, moved the Corporation Court of the said city, on December 19, 1896, under the provisions of secs. 567 and 568 of the Code, to relieve him from the payment of the said taxes on the ground that he had been erroneously charged therewith.   The court refused to grant him relief, in whole or in part.

Under the express provisions of the statute (sec. 567 of the

Code), the court is only authorized to entertain such motion and grant relief from an erroneous assessment of taxes within two years after the delivery to the treasurer of the book in which the taxes are entered.   It does not appear from the record when the books in which the said taxes are charged were delivered to the treasurer, but the statute requires the commissioner of the revenue to furnish, by the first day of July of each year, three copies of the land and personal property books to the clerk of the court of his county or corporation, who within twelve days shall examine the same, and, after making such examination, shall retain one of the copies in his office, and return the others to the commissioner, who shall immediately deliver one of them to the treasurer of his county or corporation.   Code, secs. 511, 513, and 520.   In the absence of any evidence showing the contrary, it is to be presumed that the officers referred to performed their duties within the time prescribed by law, and that the books were delivered to the treasurer in the month of July of each year.

The motion not having been made until December 19, 1896, the court, therefore, could only grant relief from the taxes assessed for the year 1896, and the preceding year.   The court could not grant to the petitioner, in the proceeding pursued by him, greater relief than was authorized by the statute which allowed the proceeding.

The court did not err in refusing to exonerate the plaintiff in error from the payment of taxes assessed against him for the years 1893 and 1894, but should have done so for the taxes for the years 1895 and 1896.   And for its failure to do so, its judg-. ment must be reversed.

*Reversed.*