Statement.

# Richmond.

MYERS, RECEIVER v. COMMONWEALTH.

January 13, 1910.

Absent, Buchanan, J.

1. TAXATION—*Funds in Court Before Report of Debts.*—Under the provisions of the statutes of this State money arising from the sale of a debtor's personal property at the suit of creditors, and on deposit in bank, is amenable to taxes before a report of debts has been made, but not after.

2. DOUBLE TAXATION—*Subjects Held by Different Titles.*—Taxation is not double where the subject is held by different titles. Both debtor and creditor may be taxed—the one on his property, and the other on his security—as in case of a mortgage, where the mortgagor is taxed on the full value of his property and the mortgagee on the full amount of his debt.

3. TAXATION—*Power to Tax—Legislative Function—Interference by Courts.*—The power of taxation is an attribute of sovereignty, and, under our system of government, its exercise is vested exclusively in the legislative department; and when the power exists, the courts cannot interfere on mere questions of expediency.

Error to a judgment of the Hustings Court of the city of Richmond on a motion to correct an erroneous assessment for taxes. Judgment for the defendant. Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*J. Jordan Leake* and *Christian, Gordon & Christian,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This writ of error is to a final order of the Hustings Court of the city of Richmond denying the application of the plaintiff in error to exonerate a fund on deposit to the credit of the chancery court of the city, in the creditors' suit of *S. H. Hawes & Co.* v. *W. R. Trigg Co.,* from an alleged erroneous assessment of taxes for the year 1904.

There had been no report of debts in the case at the time of the assessment, and the sole question for our determination is whether money arising from the sale of a debtor's personal property at the suit of creditors is amenable to taxes before a report of debts has been made.

The proposition depends upon the construction of subsection 6 of section 8, schedule C, of the tax bill. (Appendix Va. Code, 1904, p. 2195, read in connection with sections 492, 492-a and 492-b, Va. Code, 1904.) These enactments are as follows:

"Sixth. Money and credits or personal estate deposited to the credit of any suit, and not in the hands of a receiver, except funds, credits, or estate, placed in the hands of the receiver of a court or deposited to the credit of a suit to await adjudication and disbursement upon debts reported in suits or proceedings pending in such courts, shall not be listed for taxation."

"Section 492. *By whom property is to be listed; to whom taxed.* . . . provided, that funds, credits, or estate in the hands of a receiver of a court, or deposited to the credit of a suit, to await adjudication and disbursement upon debts reported in suits or proceedings pending in such court, shall not be listed for taxation."

"Section 492-a. . . . That all notes, bonds or other evidences of debt held subject to the order of any court or receiver or commissioner of said court, whether executed for the purchase price of real or personal property, shall be taxed to the

clerk of said court or to receiver or commissioner, as the same may be so held or payable, and shall be exempted from taxation in the name of parties beneficially interested therein."

"Section 492-b. No decree or order shall be entered by any court . . . directing the payment, . . . or other distribution of any funds, securities, moneys, or other property under its control or under the control or in the hands of any receiver, commissioner or other officer of the court, or any fiduciary, until all taxes and levies upon such funds, securities, moneys, or other property are paid, unless the payment thereof be provided for in such decree or order; and no commissioner, fiduciary, receiver, trustee, or bank, or other person or corporation shall pay out any funds in hand under the order of any court unless a receipt for the taxes is produced showing said taxes have been paid."

It is clear that by the express terms of subsection 6, iterated in section 492, the money in dispute was liable to tax as a court fund until a report of debts had been made. Such report is essential in order that the court may intelligently adjudicate the respective rights of creditors in the fund, and appropriate it to the payment of their demands. It was also necessary for the legislature, during the transition period, to fix the precise time at which liability of money, etc., on deposit, to taxation as *a court fund* should cease; and it seems to us that it has accomplished that purpose in unmistakable language.

It is insisted, however, that this interpretation of the statute would result in taxing creditors twice on the same value, and the cases of *Fulkerson* v. *Bristol,* 95 Va. 1, 27 S. E. 815, and *McNeill, Assignee* v. *Hogerty, Auditor,* 51 Ohio St. 255, 37 N. E. 526, 23 L. R. A. 628, are cited to show that such tax is unlawful.

The Virginia case arose under V. C. 1887, sec. 493, which provides the mode in which a list of bonds and other evidences of debt held by commissioners or receivers under authority of a

court shall be furnished by the clerk to the commissioner of the revenue. But that section expressly excludes from such list "bonds or other evidences of debt executed for the purchase price of property," and, therefore, the court necessarily held that such securities were not subject to taxation.

So, in the Ohio case, it is said: "It is not necessary to hold that the legislature might not include assignees in the class of trustees who are required to list property in their hands, even though duplicate taxation results. It is enough, for the disposition of the present case, if the purpose to do so has not been expressed." The court then proceeds to hold that the Ohio statute does not make it the duty of "an assignee of an insolvent whose estate is being settled in the probate court, to list the property so held by him for taxation."

"The present case does not, in our judgment, involve the question of duplicate taxation. For certain it is that the great weight of authority sustains the doctrine that taxation is not double where the subject is held by different titles; and that both debtor and creditor may be taxed, the one on his property and the other on his security.

The rule is stated in 27 Am. & Eng. Enc. of Law, 609, as follows: "But where two persons hold different interests in the same thing, each may properly be taxed, as they do not hold by the same title. Thus, the legislature has power to tax a debtor in the full value of all the property owned by him, without deducting the amount of his indebtedness, and at the same time to tax the creditor on the amount due him; or to tax mortgages at their face value, while the property upon which they are secured is also fully taxed." *Cooper* v. *Board of Review,* 207 Ill. 472, 69 N. E. 878, 64 L. R. A. 72; *Adams* v. *Kuykendall,* 83 Miss. 571, 35 South. 830; *Gerard* v. *Duncan,* 84 Miss 731, 36 South. 1034, 66 L. R. A. 461; Cooley on Taxation (3d ed.), pp. 388, 390-394.

The power of taxation is an attribute of sovereignty, and under our system of government its exercise is vested exclusively in the legislative department; and when the power exists the courts cannot interfere on mere questions of expediency.

*Affirmed.*