# Wytheville

## LAMBERT V. BARRETT.

June 12, 1913.

Absent, Keith, P.

1. STATUTES—*Repeals by Implication.*—The repeal of a statute by implication is not favored by the courts. The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, the two statutes must be irreconcilable. If, by a fair and reasonable construction, they can be reconciled, both must stand.

2. MUNICIPAL CORPORATIONS—*Councilmen of Cities—State Officers.*— While many, perhaps the great body, of the powers and duties of city councils relate exclusively to the local affairs of their respective cities and to matters in which the city alone is interested, they exercise powers and perform duties in which the public at large, the State, is interested directly. They are for many purposes State agencies or instrumentalities, operating to some extent through the medium of city charters in the preservation of public peace and good government.

3. MUNICIPAL CORPORATIONS—*Member of City Council—Vacancy—Code, Section 1015-e—Repeal—Act, February 17, 1906.*—A member of a city council is not a municipal officer within the meaning of the act of February 17, 1906, providing, amongst other things, how vacancies in such offices shall be filled, and hence said act does not repeal section 1015-e of the Code declaring how vacancies in the council shall be filled.

4. STATUTES—*Construction—Statutes in Pari Materia.*—Where there is more than one statute bearing on the same subject, all the statutes in *pari materia* must be considered and harmonized if that can be done by any fair and reasonable construction.

Error to a judgment of the Corporation Court of the city of Alexandria in a proceeding by *quo warranto.* Judgment for the petitioner. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. K. M. Norton,* for the plaintiff in error.

*C. E. Nicol,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a *quo warranto* proceeding, in which it was determined that the defendant in error, Robert S. Barrett, and not the plaintiff in error, Urban S. Lambert, was entitled to the office of member of the common council from the first ward of the city of Alexandria, made vacant by the death of Hubert Snowden, who was elected a member of the common council at the regular election held on the second Tuesday in June, 1910.

On the 23rd day of April, 1912, the common council, acting under section 1015-e of the Code of 1904, elected Mr. Lambert to fill the unexpired term of Mr. Snowden. At the general election in June following Mr. Barrett was elected by the qualified voters of the city to fill the vacancy caused by the death of Mr. Snowden, in accordance with an act of Assembly approved February 17, 1906. Acts of Assembly 1906, pp. 17-18.

The contention of the defendant in error is, and the trial court so held, that section 1015-e of the Code was repealed by the act of February 17, 1906, and that the vacancy was to be filled in the manner prescribed by the latter statute.

By section 1015-e of the Code it is provided, that "when any vacancy shall occur in the council of a city having one branch, or in either branch of the council of any city having two branches, by death, resignation, removal from the ward, failure to qualify, or from any other cause, the council, or the branch, as the case may be, in which

such vacancy occurs, shall elect a qualified person to supply the vacancy for the unexpired term."

The act of February 17, 1906, is as follows:

"An act to authorize the several cities and towns of this Commonwealth to appoint officers and employees in addition to those expressly authorized in their respective charters and provide for the filling of vacancies in all municipal offices for the unexpired term.

"1. Be it enacted by the General Assembly of Virginia, that the council of every city or town of this Commonwealth having in their several charters the power to appoint certain municipal officers shall, in addition to such power, have power to appoint such other officers and employees as the council may deem proper, or any committee of such council, or any municipal board, or the mayor of the city or town, or any head of a department of such city or town government, may also appoint such officers and employees as the council may determine, the duties and compensation of which officers and employees shall be fixed by the council of the city or town, except so far as the council may authorize such duties to be fixed by such committee or other appointing power, and may require of any of the officers and employees so appointed bonds, with securities in proper penalties, payable to the city or town in its corporate name, with condition for the faithful performance. of said duties. All officers so appointed may be removed from office at their pleasure by joint resolution of the two branches, and where the appointment is by a committee or board, by a vote of such committee or board, or where such appointment is by the mayor or head of a department, such removal may be by order of the mayor or head of department. In case of vacancies occurring in any municipal position so authorized to be filled, a qualified person may be appointed to fill such position for the unexpired term by the proper

appointing power; and in case of vacancy in any municipal office which is elective by the people, if there be no general election during the unexpired term at which such vacancy can be legally filled, the city or town council may elect a qualified person to fill such vacancy until a qualified person can be elected by the people and shall have qualified for the next succeeding term, or when such general election does occur during the unexpired term at which such vacancy can be filled, such city or town council shall elect a qualified person to fill such vacancy until a qualified person is elected to fill such vacancy at such general election and shall have qualified."

The act of February 17, 1906, does not expressly repeal section 1015-e of the Code. Does it do so by implication?

It is well settled that the repeal of a statute by implication is not favored by the courts. The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, the two statutes must be irreconcilable. If by a fair and reasonable construction they can be reconciled, both must stand. *Fulkerson v. Bristol,* 95 Va. 1, 5, 27 S. E. 815, and authorities cited.

If members of the city council of Alexandria are municipal officers within the meaning of the act of February 17, 1906, there can be no question that the provisions of that act and the provisions of section 1015-e of the Code are in irreconcilable conflict, and that section of the Code must be regarded as repealed by the act of February 17, 1906. The question, therefore, to be determined is, whether they are municipal officers within the meaning of the last named statute.

It is not easy, as was said in *Burch* v. *Hardwick,* 30 Gratt. (71 Va.) 24, 33-4, 32 Am. Rep. 640, to define them (city officers or municipal officers) in all cases; but there are many such provided in the charters of many of the

cities of the State. Among these are, perhaps, city engineers and surveyors, officers having superintendence and control of streets, parks, water works, gas works, hospitals, sewers, cemeteries, city inspectors, and no doubt many others well known in large cities. Their duties and functions relate exclusively to the local affairs of the city, and the city alone is interested in their conduct and administration. On the other hand, there are many officers, such as city judge, sergeant, clerk, Commonwealth's attorney, treasurer, sheriff, high constable, and the like, some of whom are recognized by the Constitution, while others are not. All these are generally mentioned as city officers, and they are even so designated in the Constitution, but they are not removable by the mayor. The reason is, that while they are elected or appointed for the city, and while their jurisdiction is confined to the local limits, their duties and functions, in a measure, concern the State. They are State agencies or instrumentalities, operating to some extent through the medium of city charters in the preservation of the public peace and good government. However elected or appointed, however paid, they are as much State officers as constables, justices of the peace and Commonwealth's attorneys, whose jurisdiction is confined to particular counties. See also *Mitchell* v. *Witt, Judge,* 98 Va. 457, 36 S. E. 528; *Smith* v. *Bryan, Mayor,* 100 Va. 199, 40 S. E. 652; 1 Dillon Mun. Corp. (5th ed.), sec. 97; 1 McQuillan Mun. Corp., sec. 178.

Tested by the rule laid down in the case of *Burch* v. *Hardwicke, supra,* it cannot be said that the duties and functions of a city council relate exclusively to the local affairs of the city. While many, perhaps the great body, of the powers and duties of a city council relate exclusively to the local affairs of the city and to matters in which the city alone is interested, they exercise powers and perform duties in which the public at large, or the

State, is interested directly. Under the provisions of section 1038 of the Code, city councils have the power to lay off. control and keep in order streets,. which become State highways and belong to the public, or the State. *White Oak Coal Co.* v. *Manchester,* 109 Va. 749, 64 S. E. 944, 132 Am. St. Rep. 943. Their jurisdiction for certain purposes extends beyond the corporate limits. In criminal cases it extends one mile beyond the corporate limits. They have the right to erect water works outside of the city limits, and in order to protect the water from pollution and the works from injury their jurisdiction extends five miles beyond the works; and for the purpose of carrying into effect these and other powers they can enact ordinances, and prescribe fines and other punishments for their violation. While these powers and others do not relate exclusively to the local affairs of the cities, they are in a certain sense municipal officers (*Mitchell* v. *Witt, Judge, supra*), and if there were no other legislation on the subject the broad language of the act of February 17, 1906, might be sufficient to include them. But as there is other legislation on the subject, all the statutes *in pari materia* must be considered and harmonized if it can be done by any fair and reasonable construction. *Mitchell* v. *Witt, Judge, supra; Fulkerson* v. *Bristol, supra.*

If members of a city council be held to be municipal officers, within the meaning of the act of February 17, 1906, that act would be in irreconcilable conflict not only with section 1015-e of the Code, but also with that portion of section 1015-a of the Code which provides, "that all elections to fill vacancies in any (city) council shall be for the unexpired term." If they are municipal officers, then under section 1033 of the Code, the mayor would have the power to suspend and remove members of the city council; for that section provides that the mayor shall see that the various city officers and members of the police and

fire departments, whether elected or appointed, faithfully perform their duties, and gives him the power to suspend such officers and to remove them for misconduct in office or neglect of duty.

Section 1015-e provides that vacancies in either branch of the council shall be filled by the branch in which the vacancy exists, but if that section has been repealed by the act of February 17, 1906, a vacancy in either branch would have to be filled by the joint action of both branches of the council; for it is clear, we think, that every vacancy which the last named act authorizes the city council to fill, must be filled, by the joint action of both branches of the council where it consists of two branches.

If the members of a city council be municipal officers within the meaning of the act of February 17, 1906, then it seems to us clear that the mayor is also a municipal officer within its meaning. If this be so, then it would bring that act in irreconcilable conflict with section 1033 of the Code. That section provides that upon the death, resignation or removal of the mayor, his place shall be filled and his duties discharged by the president of the board of aldermen, or the president of the council, according as the city council has or has not two branches, until another mayor is elected and qualified. That section further provides that within ten days after such death, resignation or removal of the mayor, the corporation or hustings court shall order a special election to be held within thirty days after the order is entered to fill such vacancy, provided the unexpired term remaining after such election is as much as one year; while the act of February 17, 1906, provides that in case of a vacancy in any municipal office which is elective by the people, if there be no general election during the unexpired term at which such vacancy can be legally filled, the city council may elect a qualified person to fill such vacancy until a qualified

person can be elected by the people, and shall have qualified for the next succeeding term, or when such vacancy can be filled such city council shall elect a qualified person to fill such vacancy until a qualified person is elected to fill such vacancy at such general election and shall have qualified.

If the members of a city council are held not to be municipal officers within the meaning of the act of February 17, 1906, as we think they may be, that act does not repeal section 1015-e of the Code and the other statutes referred to. By such a construction the apparently conflicting laws can be harmonized and all stand.

We are of opinion, therefore, that the trial court erred in not so holding, and in declaring that the plaintiff in error, Lambert, was not entitled to fill the vacancy made vacant by the death of Hubert Snowden until the end of the term for which the latter was elected. Its judgment must, therefore, be reversed, and this court will enter such judgment as it ought to have entered.

*Reversed.*