HUDSON MOTOR CAR CO. et al. v.
HERTZ.

Nos. 8913, 8914.

Circuit Court of Appeals, Sixth Circuit.

June 25, 1941.

I. E. Kerr, of Detroit, Mich. (Kerr, Lacey & Scroggie, of Detroit, Mich., on the brief), for appellants.

Harold H. Emmons and Harold H. Emmons, Jr., both of Detroit, Mich., and Robert H. McNeill, of Washington, D. C., for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

We adopt the following accurate and comprehensive statement of the case made by our brother, HAMILTON, who dissents from the conclusion reached by the majority:

These are appeals by appellants, the Hudson Motor Car Company, and Motor Wheel Corporation from a joint judgment of $9,522.55 on the verdict of a jury in separate actions instituted against each of them by the appellee, Gustav C. Hertz, administrator cum testamento annexo of the estate of Lois Crane Hertz, deceased.

On April 13, 1938, appellee's deceased was severely injured in an automobile accident while riding in a car manufactured by appellants, from which injuries she died April 18, 1938.

On November 23, 1938, appellee, Gustav C. Hertz, duly qualified in Virginia as administrator, c. t. a., of the decedent's estate and on April 26, 1939, brought these actions in that capacity. On the opening of the trial, appellee petitioned the court to be made a party plaintiff, as special ancillary administrator of the estate and attached to the petition a certified copy of letters of special administration issued to him by the Probate Court for Wayne County, Michigan, on June 3, 1940. Appellants objected on the ground that under Section 27.3178 of the Michigan Statutes Annotated, the appointment was void and of no effect, but the court permitted the filing. Appellants then asked for a judgment on the pleadings for the reason that the complaint did not state a cause of action and pointed out to the court that there was at that time no action for wrongful death in Virginia at common law and that appellee had plead no statute of that state authorizing the recovery. Appellee made motion for leave to file an amendment to his complaint which was granted, and he set forth Sections 5786, 5787 and 5809 of the Virginia Statutes upon which he relied and which are in the margin.[1]

---

[1] "§ 5786. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, or to proceed in rem against said ship or vessel, or in personam against the owners thereof or those having control of her, and to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or default or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony. And any right of action which may hereafter accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death whether or not the death of the wrongdoer occurred before or after the death of the injured party.

"Every action under this section shall be brought within one year next after the

Appellant, Motor Wheel Corporation, filed answer and alleged that the pleading of these sections was improper and erroneous because the period of limitation contained in Sections 5786 and 5787 had at that time expired. The same objection was raised by appellant, Hudson Motor Car Company, at the close of appellee's case.

Both appellants then moved to dismiss the actions because barred by the limitations in the two sections of the Virginia Code above cited, which motions were denied. At the close of appellee's testimony, motions for a directed verdict were made by appellants on the ground the actions were barred by the Statute of Limitations and because the court allowed the amendment to appellee's complaint after the expiration of the statutory period, which motions were again denied. These motions were renewed at the conclusion of all the testimony and again denied.

After the verdict of the jury and the entry of judgment, each appellant filed a motion to set aside the verdict and judgment and for entry of judgment in its favor or, in the alternative, for a new trial, based upon the same reasons as in the previous motions which were again denied, hence these appeals which were consolidated for hearing in this court.

Appellants rely upon three points for reversal:

1. The alleged error of the court in failing to hold that the action was barred by limitation contained in Sections 5786 and 5787 Code of Virginia of 1936;

2. The alleged error of the court in permitting appellee to amend its complaint by pleading these sections because the limitation contained therein had expired at the time of the tendered pleading; and

3. The alleged error of the court in failing and refusing to rule as a matter of law that appellee was not entitled to maintain these actions because not a proper party-plaintiff either as administrator, c. t. a., of the estate of the deceased by appointment of the Probate Court of Fairfax County, Virginia, or as special administrator of her estate by appointment of the Probate Court for Wayne County, Michigan.

The legislative history of the Death by Wrongful Act Statute in Virginia as concerns limitation is pertinent to the inquiry. This statute was originally enacted by the General Assembly of Virginia on January 14, 1871, Acts Va. 1870–71, c. 29, and consisted of four sections. Section 2 provided that every action must be instituted thereunder in the name of the personal representative of the deceased and within twelve calendar months after death. This Act was incorporated in the State Code of 1887 and by the codifier was divided into statutory sections, i. e., 2902, 2903 and 2904. Section 2903 provided for a limitation of twelve months after death. On March 7, 1904, Acts 1904, c. 64, the General Assembly passed an Act entitled "An Act to amend and re-enact sections 2903 and 2904 of the Code of Virginia of 1887." Section 2903 retained the identical limitation clause. Later the Code was recodified in 1919 and Section 2902 became Section 5786 and Section 2903 became Section 5787.

---

right to bring same shall have accrued, notwithstanding the provisions of section fifty-eight hundred and eighteen."

"§ 5787. Every such action shall be brought by and in the name of the personal representative of such deceased person and within one year after his or her death, but if any such action is brought within said period of one year after said person's death, and for any cause abates or is dismissed without determining the merits of said action, the time said action is pending shall not be counted as any part of said period of one year, and another suit may be brought within the remaining period of said one year as if such former suit had not been instituted. No action, however, shall be maintained by the personal representative of one who, after injury, has compromised for such injury and accepted satisfaction therefor previous to his death. The jury in any such action may award such damages as to it may seem fair and just,

not exceeding ten thousand dollars, and may direct in what proportion they shall be distributed to the surviving widow or husband and children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. Nothing shall be apportioned to the deferred class until the preferred class has been exhausted, but between members of the same class the jury shall have absolute discretion as to who shall receive the whole or any part of the recovery. But nothing in this section shall be construed to deprive the court of the power to grant new trials as in other cases."

"§ 5809. The period of one year from the death of any party shall be excluded from the computation of time within which, by the operation of any statute or rule of law, it may be necessary to commence any proceeding to preserve or prevent the loss of any right or remedy."

On February 10, 1920, Acts 1920, c. 25, the General Assembly passed an Act "to amend and re-enact section 5787 of the Code of Virginia" changing the period of limitation to read "one year after said person's death" instead of "twelve months after said party's death" as theretofore contained in Section 2903. No mention was made at this time of Section 5786.

On March 25, 1926, Acts 1926, c. 507, the General Assembly passed an Act entitled "to amend and re-enact section 5786 of the Code of Virginia," which amendment provided in part: "Every action under this section shall be brought within one year next after the right to bring same shall have accrued, notwithstanding the provisions of section fifty-eight hundred and eighteen."

Section 5786 was Section 2902 of the earlier codification. Section 5818 was a general statute of limitations of Virginia.

As the 1936 codification now appears under Section 5786, the period of limitation begins when the right to bring the action shall have accrued and under Section 5787 it begins at the date of death, Section 5786 being the latest section amended.

(1) We are in accord with the foregoing statement of the case by our colleague, Judge HAMILTON, but disagree with the reasoning of his dissenting opinion to the effect that the actions should be barred by limitation, because not commenced within one year after the death of appellee's decedent.

On the contrary, we think these actions for death by wrongful act were brought seasonably under the appropriate Virginia Statute, Code Section 5786, which contains the applicable limitation, and are not affected or barred by the limitation of Section 5787.

(2) Section 5786 is the section of the Code of Virginia which provides redress in the form of an action for damages for death by wrongful act, abrogating the harsh common law rule, actio personalis moritur cum persona. It is Virginia's version of Lord Campbell's Act.

On March 25, 1926, the Virginia Legislature amended this section, by adding, inter alia, these plain words: "Every action under this section shall be brought within one year next after the right to bring same shall have accrued, notwithstanding the provisions of section fifty-eight hundred and eighteen." This provision of law is clearly inconsistent and irreconcilable with the language of the first clause of Code Section 5787, limiting the time for bringing an action for death by wrongful act to within one year after death of the injured person.

It is true that repeals by implication are not favored in law; but it is also true that when confronted with irreconcilable inconsistency in the statutes of a state, the courts look to the latest expression of the legislature, to ascertain the legislative intent. Ascertainment of the legislative intent is the primary purpose of all statutory construction. Orndoff v. Turman, 2 Leigh 200, 29 Va. 200, 21 Am.Dec. 608; Simpson v. Simpson, 162 Va. 621, 175 S.E. 320, 94 A.L.R. 909.

In Richmond v. Sutherland, 114 Va. 688, 77 S.E. 470, the doctrine is stated that when the legislature amends a statute by adding a new provision, the presumption is that it was intended to make some change in existing law.

In Western Assurance Co. v. Stone, 145 Va. 776, 134 S.E. 710, 713, 48 A.L.R. 1009, it was said: "Whether or not a later act shall be construed to repeal an earlier one on the same subject is a question of legislative intent to be gathered from a comparison of the two acts, the language used in the later act and the facts and circumstances surrounding its enactment. General rules of interpretation are helpful, but no hard and fast rule can be laid down on the subject."

Plain legislative intent should never be thwarted by overstressing the sometimes useful canon of construction that repeals by implication are not favored in law.

As far back as 1835, the Virginia Court said, in Winn, Adm'x, v. Jones, 6 Leigh 74, 33 Va. 74: "If there be any inconsistency between them [Session Laws], this last must prevail; for in the construction of the laws re-enacted at the revisal, we must, in case of irreconcilable difference, look to the dates of the original statutes, in order to ascertain the last declaration of the legislative will."

The same idea was amplified in Gaines' Adm'r v. Marye, 94 Va. 225, 227, 26 S.E. 511, where the court said: "The Code is a revision of the statute law of the state as it existed at the time of the revision. It was adopted by the legislature as one act, and all its parts took effect equally and simultaneously. Notwithstanding the fact that the Code is a revision of the statute law, if its various sections are harmoni-

ous and their meaning plain, resort cannot be had in construing them to the original statutes to see if any error was committed in the revision. Where harmonious, and their meaning clear, they speak for themselves, and must be interpreted and given effect as revised. If, however, there is a substantial doubt as to their meaning, the law which was the subject of the revision may be looked to in ascertaining their meaning. If they are inconsistent and cannot stand together, the original statutes, and the respective dates of their enactment, may be examined to see what was the last expression of the will of the legislature on the subject. And this last expression of the legislative will, when ascertained, if it be embodied in the revision, must prevail in construing inconsistent and repugnant parts of the law as revised." See, also, Xippas v. Com., 141 Va. 497, 506, 126 S.E. 207.

In Forbes v. Southern Cotton Oil Co., 130 Va. 245, 108 S.E. 15, the Supreme Court of Appeals of Virginia unequivocally asserted that if two sections of the Code could not be harmonized so as to stand together, the validity of the later act would be upheld, even though an inconsistent section were carried into the Code from an earlier act.

It is settled law in Virginia that where inconsistent and irreconcilable provisions are found in statutes, effect must be given to "the latest expression of the legislative intent." Williamson v. Wellman, 156 Va. 417, 158 S.E. 777, 781.

The Supreme Court of the United States has subscribed to the same doctrine. Adkins v. Arnold, 235 U.S. 417, 421, 35 S.Ct. 118, 59 L.Ed. 294.

While in Lambert v. Barrett, 115 Va. 136, 78 S.E. 586, 587, Ann.Cas.1914D, 1226, it was said that "the presumption is always against the intention to repeal where express terms are not used," the opinion [115 Va. at page 139, 78 S.E. at page 587, Ann. Cas.1914D, 1226] recognized that where two statutes are irreconcilable, there is justification for "the presumption of an intention to repeal one statute by another."

The following cases cited by appellants were decided before the enactment of the pertinent amendatory act of 1926 and consequently have no bearing here: Manuel, Adm'r, v. Norfolk & W. R. Co., 99 Va. 188, 37 S.E. 957; Dowell v. Cox, 108 Va. 460, 62 S.E. 272; Steffey v. King, 126 Va. 120, 101 S.E. 62.

Stanley v. Tomlin, Adm'r, 143 Va. 187, 129 S.E. 379, is authority for the proposition that a statute should be construed with reference to its subject matter, and the object sought to be obtained, as well as the legislative purpose in enacting it; and its language should receive such construction as will effectuate rather than defeat that purpose.

As we read the 1926 Amendment to Section 5786 of the Code of Virginia, the object sought to be obtained was not only to provide for the survival of a right of action for death by wrongful act beyond the life of the wrongdoer, but was, as clearly appears from the unambiguous language of the last sentence, designed to change the period of limitation for bringing every action for death by wrongful act from a period of one year from the death of the injured person to a period within one year next after the right to bring the cause of action shall have accrued.

Unless the latest expression of legislative intent is to be defeated, the Amendatory Act must be construed to repeal the inconsistent time limitation contained in Code Section 5787. In its other provisions, Section 5787 remains effective and undisturbed. In our judgment, the apparent oversight of the Legislature and of the recodifiers in failing to eliminate from Section 5787 that portion inconsistent with later law should not be deemed to defeat the plain purpose of the Legislature to change the limitation period for the bringing of an action for damages for death by wrongful act, provided for in the Section of the Code amended.

The fact that the re-codifiers carried the inconsistent sections into the Code of Virginia is of no consequence. The following definite language of Adkins v. Arnold, supra [235 U.S. 417, 35 S.Ct. 119, 59 L.Ed. 294], is our authority for this positive statement: "Assuming that the two sections are inconsistent, as claimed, we think § 4621 is controlling. While both were embodied in the Arkansas compilation known as Mansfield's Digest of 1884, § 4621 was a later enactment than § 648 and superseded the latter in so far as they were in conflict."

(3) We are of opinion that within the meaning of Section 5786 of the Virginia Code, the right of action before us did not accrue to the appellee until he was qualified as administrator of the deceased, and this action was therefore com-

menced seasonably within one year thereafter.

In Lewis' Adm'r v. Glenn, Trustee, 84 Va. 947, at page 979, 6 S.E. 866, at page 882, the court says: "It is frequently the case that more or less confusion arises from a failure to distinguish between the cause and the right of action. 'A cause of action is said to accrue to any person when that person first comes to a right to bring an action. There is, however, an obvious distinction between a cause of action and a right, though a cause of action generally confers a right. Thus, statutes of limitation do not affect the cause of action, but take away the right.'" See, also, Brammer's Adm'r v. Norfolk & W. R. Co., 107 Va. 206, 57 S.E. 593, and Mercer v. Richmond, 152 Va. 736, 744, 148 S.E. 803, 64 A.L.R. 1054. The latter case is cited in Amer. Juris., Vol. 1, Section 3, page 405. Compare, Brunswick Land Corp. v. Perkinson, 153 Va. 603, 151 S.E. 138.

As was stated by Judge Lurton for this court in Collier v. Goessling, 6 Cir., 1908, 160 F. 604, 611: "To start the running of a statute of limitation there must be someone capable of suing, someone subject to be sued, and a tribunal open for such suits."

■■■ As authority for the rule that a period of limitation for enforcement of a claim does not begin to run until there is someone in existence capable of enforcing the claim, see numerous citations in 74 A.L. R. 837. The Virginia decisions, which are controlling here, are in accord with this general rule: Hansford v. Elliott, 9 Leigh 79, 36 Va. 79, decided in 1837; Lyon's Adm'r v. Magagnos' Adm'r, 7 Grat. 377, 48 Va. 377; Bowles' Ex'r v. Elmore's Adm'r, 7 Grat. 385, 392, 393, 48 Va. 385, 392, 393.

Reading Company v. Koons, 271 U.S. 58, 63, 64, 46 S.Ct. 405, 407, 70 L.Ed. 835, construing the limitation period under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., does not gainsay the conclusion which we have reached. As declared by the Supreme Court, the statute which it construed "relates not only to causes of action for wrongful death but to causes of action for other injuries. * * * and the fact that the limitation is made applicable equally to the two causes of action, one of which admittedly 'accrues' on the happening of the events which fix the defendant's liability, leads persuasively to the conclusion that a like test was intended for determining when the cause of action accrued for wrongful death."

The Supreme Court found it impossible to assign to the word "accrued" any definite technical meaning which, by itself, would enable a court to say when the statutory period begins to run. The word was interpreted "in the light of the general purposes of the statute and of its other provisions, and with due regard to those practical ends which are to be served by any limitation of the time within which an action must be brought."

Applying this practical standard of interpretation to the statute involved in the instant case, it seems clear that the Virginia Legislature intended to fix the time of the commencement of the running of the statute of limitations as of the date of the qualification of the administrator, which was the earliest time when his right to bring the action accrued.

The other contentions of appellants do not merit discussion. The judgment of the District Court is affirmed.

HAMILTON, Circuit Judge (dissenting).

I do not believe the legislative history of sections 5786 and 5787 of the Virginia Code supports the rule applied by the majority. So far as I have been able to discover, there is no applicable statute limiting the time within which a personal representative of a decedent must be appointed in Virginia and it is not to be presumed that the State intended to exclude from the statute of limitations, one cause of action when all others were included. This, however, is the result reached by the holding of the majority that the statute does not begin to run against an action for death until the appointment of a personal representative.

It is an elementary rule of statutory construction that all parts of a statute should be considered together and not any one part by itself, and a survey of all acts of the legislature on the subject is indispensable even though the words are plain, for the true meaning of any part is that which best harmonizes with the entire subject and with every other part of the statute or statutes in pari materia.

Where there are earlier acts relating to the same subject, for the purpose of construction, all should be considered in arriving at the meaning of the later act and

as forming one consistent body of law as each explains and elucidates every part of the statutory system to which it belongs. Lambert v. Barrett, 115 Va. 136, 78 S.E. 586, Ann.Cas.1914D, 1226.

The concept of implied repeals which the majority makes controlling in its opinion, as I view it, is not applicable to the present question. Repeals by implication are not favored and will not be allowed if there is any other reasonable construction, and an implied repeal arising from irreconcilable inconsistency and repugnancy between two acts, does not take place if any part of the earlier act can stand as not superseded or affected by the later one.

The presumptive repeal of an earlier act by a later one, because of inconsistency, rests on the necessity of giving intent to the legislative declaration and the apparently conflicting statute will not be extended to include cases within the earlier one, unless such a conclusion is inescapable.

Statutes are only a small part of our jurisprudence. The common law pervades and permeates everything subject to legal regulation and defines all rights and wrongs and their remedies, and statutes are construed by its principles. The common law is adjustable to modification by statutes and should be harmonized with them, but all statutes are construed in its light and with reference to its cognate principles.

In construing the present statutes, we should bear in mind one of the generally accepted rules, applicable here, that we should look to the state of the law when the questioned statute was enacted, to ascertain for what it was intended as a substitute and in so doing, act on the assumption that the statute under construction does not displace the former law, whether statutory or common, any more than is fairly necessary to give to the new statute the place and operation in the law necessary for the accomplishment of its purpose. St. Louis & S. F. R. Company v. Delk, 6 Cir., 158 F. 931, 14 Ann.Cas. 233.

Applying these rules to the present statutes, prior to the passage of the Act of March 25, 1926, amending section 5786 of the Virginia Code, the common law prevailed that every action under the Virginia Death Statute abated if the person responsible for the death also died before verdict and judgment. Reid's Adm'r v. Strider's Adm'r, 7 Grat. 76, 48 Va. 76, 54 Am. Dec. 120; Lee's Adm'r v. Hill, 87 Va. 497, 12 S.E. 1052, 24 Am.St.Rep. 666.

The amendment to section 5786 added the following:

"And any right of action which may hereafter accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death whether or not the death of the wrongdoer occurred before or after the death of the injured party.

"Every action under this section shall be brought within one year next after the right to bring same shall have accrued, notwithstanding the provisions of section fifty-eight hundred and eighteen."

To me, the conclusion is inescapable that it was the purpose of the legislature, in amending section 5786, to abrogate the common law and to provide that actions brought under section 5786 would not abate if the wrongdoer died before verdict and judgment, and to broaden the Death Statute so as to bring within its ambit a class of defendants theretofore excluded, viz., personal representatives of the decedent wrongdoers. This purpose would be defeated in some cases if the statutory period of limitation provided in section 5787 applied. Under the circumstances, it was not feasible to fix a calendar period of limitation so the legislature resorted to the device of starting the statute of limitation when the cause of action accrued against the personal representative of the decedent wrongdoer. Reading Company v. Koons, 271 U.S. 58, 65, 46 S.Ct. 405, 70 L.Ed. 835. When the questioned statutes are thus interpreted the apparent conflict between them disappears. Their objects are different and the language of each is restricted to its own object or subject. The period of limitation fixed in section 5786 is applicable solely to actions instituted against the personal representative of the wrongdoer where his death occurs before judgment and verdict in an action instituted directly against him. Section 5787 is applicable solely to actions instituted directly against the wrongdoer. Birmingham v. Chesapeake & Ohio Railway Company, 98 Va. 548, 37 S.E. 17.

Appellants who are wrongdoers, in these actions have been in existence since appellee's cause of action arose and the period of limitation provided under section 5787

is applicable. The Virginia Death Statute creates a new liability and also gives an action to enforce it unknown to the common law and fixes the time within which such action may commence. It is not an ordinary statute of limitation, but an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the time required. If the offer is not availed of by the commencement of an action within the specified time, the action itself and the right to bring it no longer exist and the wrongdoer becomes exempt from liability. Manuel, Adm'r, v. Norfolk & Western Railroad Company, 99 Va. 188, 37 S.E. 957; Steffey v. King, 126 Va. 120, 101 S.E. 62; Dowell v. Cox, 108 Va. 460, 62 S.E. 272.

In my opinion, the judgments below should be reversed and the causes remanded with directions to dismiss appellee's petitions.