## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Staylor

v.

City of Virginia Beach
and Matson

June 28, 1984

Case No. (Law) 13,250

By JUDGE AUSTIN E. OWEN

You will recall that on May 18, 1984, the defendants' pleas of Sovereign Immunity were argued before me and the decision taken under advisement.

On May 18, 1984, counsel stipulated that in ruling upon these pleas the Court could accept as proven fact that the defendant, Matson, on the date and at the time mentioned in the Motion for Judgment was a Virginia Beach Police Officer and was on duty and engaged in the enforcement of traffic laws.

The liability alleged against the City of Virginia Beach in the Motion for Judgment is solely that arising under the doctrine of Respondeat Superior, and the City contends, and the Court agrees, that in maintaining a police force the City is engaged in a governmental function; a function of the State itself which the City to some extent is called upon to perform. See e.g., *Burch v. Hardwicke*, 71 Va. 24 (1878); *Winchester v. Redmond*, 93 Va. 711 (1896); *Lambert v. Barrett*, 115 Va. 136 (1913); and *Hoggard v. Richmond*, 172 Va. 145 (1939).

As to the defendant, City of Virginia Beach, the Court is of the opinion that the City enjoys sovereign immunity and upon presentation of an appropriate order it will be dismissed as a party defendant to this action.

With respect to the defendant, Matson, the allegations and the stipulated facts do not permit a finding at this point that he enjoys a similar immunity. While one cannot but admit a certain difficulty in distinguishing the holdings in various cases, it does seem clear that public officers, including police officers, are liable for injuries resulting from their negligence in the performance of duties which do not involve substantial judgment or discretion and are, thus, denominated as ministerial. See e.g., *Sawyer v. Corse*, 58 Va. (17 Gratt.) 230 (1867); *Wynn v. Gandy*, 170 Va. 590 (1938); and *Banks v. Sellers*, 224 Va. 168 (1982).

In *Banks v. Sellers*, the majority reviews the factors to be considered in deciding where the lines of immunity shall be drawn, and would seem to suggest that an employee of an immune employer will be granted immunity only if he is a supervisory official or otherwise in a position requiring the exercise of a considerable degree of judgment and discretion.

As to the defendant, Matson, the Court will overrule the plea of sovereign immunity at this time, reserving to that defendant the right to renew his plea should the evidence at trial indicate that his duties required the exercise of such a degree of judgment and discretion as to afford him immunity.