# Richmond.

## Manuel, Adm'r, v. Norfolk and Western Ry. Co.

### January 31, 1901.

1. Suatute of Limitations—*Death by Wrongful Act—Demurrer.*—Where the declaration in an action for death by wrongful act shows on its face that the death occurred more than twelve months before action brought, advantage may be taken of the limitation by demurrer.

2. Suatute of Limitations—*Death by Wrongful Act—Second Action After Voluntary Non-Suit—Code, Secs. 2919, 2934.*—Neither the provisions of Code, section 2919, as amended, nor of section 2934, as amended, are applicable to a second action for death by wrongful act, where the first action was brought in due time, but resulted in a voluntary non-suit.

Upon a petition for a writ of error to a judgment of the Circuit Court of Warren county.

*Denied.*

By the Court:

The plaintiff's decedent is alleged to have lost his life by the negligence of the defendant on the 27th day of July, 1898. His administrator qualified on the 16th day of January, 1899, and instituted an action for damages for the killing on the 19th day of the same month. There was a mistrial at the February term of the court. The case was continued at the May term. At the October term of the court, a juror was withdrawn, and upon motion of the plaintiff he was non-suited because of the absence of a material witness, and judgment entered for costs. The plaintiff afterwards instituted another action for the same injury. The declaration on its face showed

that the second action was instituted more than twelve months after the injury sued for.   The court sustained a demurrer to it, and also to a replication in which the proceedings in the former action were stated, and dismissed the action, on the ground that the action had not been commenced within the time required by section 2903 of the Code.

Its judgment is plainly right.   This case does not come within the provisions of section 2934 of the Code as amended by act, approved February 8, 1898 (Acts 1897-'8, p. 252), nor section 2919 as amended by act, approved February 12, 1896 (Acts 1895-'6, p. 331).

Where an action is brought within the statutory period, and after the expiration of that period, the plaintiff is non-suited upon his own motion, the statute of limitations is a bar to another action for the same cause.   Angel on Lim., sec. 328; *Barino* v. *McGhee*, 3 S. C. 452; *Braxton* v. *Woods*, 4 Gratt. 25-6.

*Writ of error denied.*