## Staunton.

DOWELL, ADMINISTRATOR, &c. v. COX.

September 10, 1908.

Absent, Keith, P.

1. LIMITATION OF ACTIONS—*Limitation of Remedy—Demurrer.*—Wherever the statute of limitation affects the right as well as the remedy, and it appears of record that the period of limitation has expired, the defense can be made by demurrer.

2. CONFLICT OF LAWS—*Injury in Another State—Extent of Remedy.* Where an injury has been inflicted in a sister State, the laws of that State govern as to the extent of the remedy.

3. FOREIGN LAWS—*Evidence—Judicial Notice—Case at Bar.*—If the statute of a foreign State is relied on as a ground of recovery in this State, the statute must be alleged in the declaration, and so, likewise, if a foreign statute suspending the time within which a remedy given by another statute of that jurisdiction is to be enforced be relied on, it must be set forth in the pleadings. The statutes of foreign States will not be judicially noticed. They are considered as facts which must be pleaded and proved as any other facts. In the case at bar a foreign statute giving a right of action for death by wrongful act is set forth in the declaration. It limits the right to one year, and contains no saving clause. No suspending statute is pleaded, and as the action was not brought for fifteen years after the right accrued, it was properly held to be barred by the statute of limitations.

Error to a judgment of the Circuit Court of Grayson county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The following is a copy of the plaintiff's declaration:

"First Count: S. M. Dowell, administrator of all and singular, the goods and chattels of Grimsley Halsey, deceased, plain-

tiff, complains of Edward J. Cox and Fields Anderson of a plea of trespass on the case, for this, to-wit, that heretofore, to-wit, on the...............day of...............1891, the said Grimsley Halsey, deceased, and the said Edward J. Cox, and the said Fields Anderson, at that time all being citizens and residents of the county of Grayson and State of Virginia, where said parties at that time resided, said plaintiff having qualified as the administrator of said Grimsley Halsey, in the county of Grayson, and State of Virginia, where said Grimsley Halsey at the time of his death resided, the said Edward J. Cox and Fields Anderson on the said 30th day of January, 1891, being then and there armed with certain guns, then and there loaded with gunpowder, unlawfully and wrongfully with force and arms shot off and discharged the same, at and against plaintiff's intestate, in the county of Alleghany, in the State of North Carolina, and thereby and therewith so greatly shot, hurt and wounded the said plaintiff's intestate, that by reason thereof, he then and there died.

"And the said plaintiff further avers, that the said Edward J. Cox and Fields Anderson, immediately after the commission of said act and the grievances herein stated against them, at once departed without the State of Virginia, and absconded therefrom and concealed themselves, and they have ever since continued to absent themselves from said State of Virginia, and since said day have continued to reside without the said State so as to prevent any proper process in any suit brought against them, or either of them from being executed upon them, or either of them, and they have thereby obstructed the prosecution of plaintiff's right against them, and neither of said defendants herein named, from that day until the — day of —, 1906, had any real estate or personal property within the Commonwealth of Virginia that plaintiff could attach or proceed against to recover damages, for the matters and things and grievances alleged in this declaration.

"And said plaintiff further avers, that said defendants when the cause of action herein set forth and alleged accrued against

them departed from, and resided out of said State of North Carolina, and have remained continuously absent therefrom ever since, and for more than the space of one year, and at the date of the institution of this action the said defendants were absent from said State of North Carolina.

"And plaintiff further avers, that section 59 of the Code of North Carolina of 1905 and the laws of said State expressly provide that, 'Whenever the death of a person is caused by wrongful act, neglect or default of another, such as would if the injured party had lived have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors shall be liable to an action for damages to be brought within one year after such death, by the executor, administrator or collector of the decedent, and this notwithstanding the death, and although the wrongful act, neglect or default causing the death amount in law to a felony. The amount recovered in such action is not liable to be applied as assets in the payment of debts or legacies but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy,' and it is further provided by section 60 of the said Code of North Carolina for 1905, and the laws of the said State, 'that the plaintiff in such action may recover such damages as are a fair and just compensation for the pecuniary injury resulting from such death.'

"And so the plaintiff says that by the statute law of the said State of North Carolina, where the matters and things herein referred to, and where the grievances herein referred to were committed by the defendants, at the time thereof, and now, he is entitled to recover such damages of the defendants as are fair and just.

"And the said plaintiff further says, that by reason of the wrongful act of defendants, as herein alleged, and by reason of the matters and things in this count of his declaration alleged, and by reason of the acts and conduct of defendants

in unlawfully and wrongfully shooting plaintiff's intestate, he is entitled to recover damages, and he hath sustained loss and injury in a large sum of money, to-wit, in the sum of $2,000.

"Second Count: And for this also, that heretofore, to-wit, on the —— day of ——, 1891, the said Grimsley Halsey, deceased, and the said Edward J. Cox, and the said Fields Anderson at that time all being citizens and residents of the county of Grayson, and State of Virginia, where said parties at that time resided, said plaintiff having qualified as administrator of said Grimsley Halsey in the county of Grayson and State of Virginia where said Grimsley Halsey at the time of his death resided, the said Edward J. Cox and said Fields Anderson, on the said 30th day of January, 1891, being then and there armed with certain pistols, then and there loaded with gunpowder, unlawfully and wrongfully, with force and arms, shot off and discharged the same against plaintiff's intestate, in the county of Allegehany, in the State of North Carolina, and thereby and therewith so greatly shot, hurt and wounded the said plaintiff's intestate, that by reason thereof he then and there died.

"And the same plaintiff further avers, that the said Edward J. Cox and Fields Anderson immediately after the commission of said act and the grievances herein stated against them, at once departed without the State of Virginia, and absconded therefrom and concealed themselves, and they have ever since continued to absent themselves from the State of Virginia, and since said day have continued to reside without the State, so as to prevent any proper process in any suit brought against them, or either of them, from being executed upon them, or either of them, and they have thereby obstructed the prosecution of plaintiff's right against them, and neither of said defendants herein named, from that day until the —— day of ——, 1906, had any estate, real or personal within the commonwealth of Virginia, that plaintiff could attach, or proceed against to recover damages, for the matters and grievances alleged in this declaration.

"And the said plaintiff further avers, that the said defendants, when the cause of action herein set forth and alleged accrued against them, departed from, and resided out of the State of North Carolina, and have remained continuously absent therefrom ever since, and for more than the space of one year, and at the date of the institution of this action the said defendants were absent from said State of North Carolina.

"And plaintiff further avers, that section 59 of the Code of North Carolina, of 1905, and the laws of said State, expressly provide that, 'whenever the death of a person is caused by wrongful act, neglect or default of another and such as would, if the injured party had lived, have entitled him to an action for damages therefor the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors shall be liable to an action for damages to be brought within one year after such death, by the executor, administrator or collector of the decedent and this not withstanding the death, and although the wrongful act, neglect or default causing the death amount in law to a felony. The amount recovered in such action is not liable to be applied as assets in the payment of debts or legacies but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy,' and it is further provided by section 60 of the said Code of North Carolina for 1905 and the laws of said State, 'that the plaintiff in such action may recover such damages as are fair and a just compensation for the pecuniary injury resulting from such death.'

"And so the said plaintiff says by the statute law of the said State of North Carolina, where the matter and things herein referred to, and where the grievances herein referred to were committed, by the defendants, and at the time thereof and now, he is entitled to recover such damages of the defendants as are fair and just.

"And said plaintiff further says, that by reason of the wrongful act of defendants as herein alleged, and by reason of

the matters and things in this count of his declaration alleged and by reason of the acts and conduct of defendants in unlawfully and wrongfully shooting plaintiff's intestate, he is entitled to recover damages, and he hath sustained loss and injury in a large sum of money, to-wit, in the sum of $2,000.

"And other wrongs to the said plaintiff's intestate, the said defendants then and there to the damage of the said plaintiff, $2,000.

"And therefore he bringeth this suit."

*W. S. Poage* and *J. H. Rhudy,* for the plaintiff in error.

*A. A. Campbell* and *R. L. Kirby,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought, and an attachment issued and levied as ancillary thereto, for the purpose of recovering damages from the defendant, Edward Cox, for killing, as alleged, Grimsley Halsey, the plaintiff's intestate.

A general demurrer to the plaintiff's declaration was sustained, and the action dismissed, upon the ground that the alleged trespass, if committed at all, had not been committed within twelve months next preceding the institution of the action, and that the plaintiff's right to recover was, therefore, barred by the statute of limitations.

It was properly conceded at the bar of this court, that the defense of the statute of limitations could be made in this case by demurrer. Wherever the statute affects the right as well as the remedy, and it appears of record that the period of limitation has expired, the defense can be made by demurrer. *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813, 26 S. E. 431.

In the case of *Manuel, Admr.* v. *N. & W. Ry. Co.,* 99 Va. 188, 37 S. E. 957, this court held that, when the declaration in an action for death by wrongful act shows on its face that the death occurred more than twelve months before action

brought, advantage may be taken of the limitation by demurrer. This conclusion was clearly because in such cases the limitation affects the right as well as the remedy.

The grievance here complained of is alleged to have been inflicted while the parties were temporarily absent from this State, and in the State of North Carolina. It is, therefore, properly conceded that the laws of North Carolina govern—certainly as to the extent of the remedy. *Dennis* v. *Atlantic Coast Line R. Co.,* 70 S. C. 254, 49 S. E. 869, 106 Am. St. Rep. 746; *Nelson* v. *C. & O. Ry. Co.,* 88 Va. 971, 14 S. E. 838, 15 L. R. A. 583.

The statute of a foreign State being relied on as the ground of recovery in this case, it is necessary that such statute should be alleged in the declaration. The statutes of foreign States will not be judicially noticed, but are considered facts which must be pleaded and proved as any other facts. 20 Ency. Pl. & Pr., pp. 598-601.

The laws of other States are universally regarded as facts, which, independently of statute, must be specially pleaded wherever the *lex fori* requires other facts under like circumstances to be pleaded. Minor on Conflict of Laws, sec. 212.

The declaration in the case at bar sets forth with sufficient particularity section 59 of the North Carolina Code, which gives a right of action for the death of a person caused by the wrongful act, neglect or default of another. By this statute, as alleged, which is known as Lord Campbell's Act, the action must be brought within one year. Nowhere in the statute, as alleged, is there a saving clause. This statute, limiting the time within which the action must be brought, has been construed by the Supreme Court of North Carolina, in the case of *Taylor* v. *Cranberry Iron & Coal Co.,* 94 N. C., p. 525-6, where it is said: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It

must be accepted in all respects as the statute gives it. Why the action was not brought within the time does not appear, but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun."

The action in the case at bar not having been brought, as shown by the declaration, for more than fifteen years after the right accrued, the statute alleged and the decision mentioned construing it would seem to be conclusive that the plaintiff's right of action was lost.

It is, however, insisted that the State of North Carolina has a statute which is very similar to section 2933 of the Virginia Code, under which it is claimed the limitation upon the right of action has been all the time suspended by reason of the uninterrupted absence of the defendant from the State of North Carolina since the grievance complained of was committed.

It is not necessary to decide whether or not the saving statute mentioned has any application to the case at bar, for the reason that no such statute has been alleged in the declaration, and therefore cannot be considered.

There is no error in the judgment complained of and it must be affirmed.

*Affirmed.*