## CONTINENTAL CAS. CO. v. THE BENNY SKOU.

### No. 7430.

United States District Court,
E. D. Virginia, Norfolk Division.
Oct. 30, 1951.

Henry E. Howell, Jr. (of Jett, Sykes & Howell), Norfolk, Va., for petitioner:

Leon T. Seawell (of Hughes, Little & Seawell), Norfolk, Va., for respondent.

BRYAN, District Judge.

The point here is whether absence of the ship tolls the one-year limitation of the Virginia death by wrongful act statute when the right of action is enforced by a libel in rem against the vessel charged with the tortious killing.

An in personam libel upon the same statute for the death of James Bright, Jr. was heretofore dismissed as too late, Continental Cas. Co. v. Thorden Line, 4 Cir., 186 F.2d 992, and since that decision the libelant has arrested the S. S. Benny Skou upon a libel in rem on the same cause of action. As will appear from the opinion in the former case, Bright was an employee of a stevedore loading this vessel at Portsmouth, Virginia on September 6, 1947. On that date he was killed in a fall aboard the vessel while in the performance of his duties. Thereafter his dependents were awarded compensation against the stevedore under the Longshoremen's and Harborworkers' Compensation Act, the amount of which was paid by the libelant as the insurance carrier, and the Company brings this libel as subrogee of the stevedore.

The ship left Hampton Roads September 7, 1947, the day following Bright's death, and (with the possible exception of November 4, 1947) never returned to Virginia until March 20, 1951, the date the libel was filed. Seizure of the vessel was made March 21. The respondent appropriately pleads the year limitation. Libelant seeks to avoid it on the premise that in admiralty statutes of limitation are not enforced per se, that the only limitation in admiralty is laches and none are present.

With the controlling dates uncontroverted, the Court finds the libel statute-barred.

16

The law of Virginia is emphatic that an action under her death act must be brought within one year after the death of the injured person. Code of 1919, secs. 5786, 5787.; Code of 1950, §§ 8–633, 8–634. Within this act the sole saving clause is a proviso for exclusion from the limitation of the period of the pendency of any action brought under the statute which "for any cause abates" without a determination of the merits, provided the action was begun within the year. When read opposite section 8–34, pertaining to general actions, the proviso may be said to offer a method of keeping alive a cause of action against a non-resident tort-feasor, but this we do not decide as libelant commenced no action against the vessel within the stipulated period. Under section 8–33 of the current code, as theretofore, absentation of a tort-feasor from the State, to obstruct prosecution of claims against him, suspends the general limitation upon actions, but this provision, if applicable to a death action, is definitely of no relevance here, for it is inoperative unless the tort-feasor was at the accrual of the action a resident of Virginia, which the defendant ship was not. Obviously, then, at law the absence of the defendant will not alone intermit the limitation of the death statute. Cf. Dowell v. Cox, 108 Va. 460, 62 S.E. 272.

Libelant earnestly urges, however, that in admiralty the result is otherwise. Its advocate reasons that, as the Virginia statute expressis verbis gives a lien against the vessel for wrongful death, and affords a remedy by libel in rem, the cause of action upon such a libel is imbued with all the properties of a claim in admiralty.[1] These include, he says, relaxation of limitations, and the indulgence of claims aged beyond the statutory span, if the claimant offers an acceptable equitable excuse for the delay, such as the absence of the ship. In the decision of the first case presented on this claim, the District Court left this proposition as a query, its resolution being unnecessary.

The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, held that in an admiralty suit based on a State statute for negligent death the one-year limitation embraced in the act was peremptory, and dismissed the in rem libel, which had been filed five years after the death. True, the Court noted that the facts did not tender the problem of the power of admiralty to allow an equitable excuse against the statutory limitation. But in Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210, the Court was faced with that problem squarely, yet denied admiralty's power to be so indulgent. Synopses in the report of the briefs of counsel plainly indicate that the very contention now made was there unavailingly relied on, that admiralty substitute the rule of laches for the uncompromising limitation in the death act. The unexcused delay was due to the deferment of the suit until the termination of litigation of the same cause of action as a claim for compensation before the State commission and the State supreme court.

The same effect has been given the two-year limitation of the Death on the High Seas by Wrongful Act statute. 46 U.S. C.A. § 761 et seq.; In re Agwi Nav. Co., 2 Cir., 89 F.2d 11; and to Jones Act, 46 U.S. C.A. § 688, suits in admiralty. Sgambati v. U. S., 2 Cir., 172 F.2d 297; Pope v. McCrady Rodgers Co., 3 Cir., 164 F.2d 591. State death statutes have since the earliest cases been construed as binding admiralty to their time limits. Stern v. La Compagnie Generale Transatlantique, D.C., 110 F. 996, 998; Williams v. Quebec S. S. Co., D.C., 126 F. 591; Swanson v. Atlantic Gulf & Pacific Co., D.C., 156 F. 977. Suggestion that delay might be excused in an admiralty death suit is made in The Sydfold, 2 Cir., 86 F.2d 611, only because the State statute involved contained an excusing clause, as will more fully appear in the opinion of the District court. 12 F.Supp. 276.

Whether the limitation be remedial or substantial, there is no escape from it in this case. Absence of the vessel from Virginia, for more than one year following the accrual of the claim, is not in its nature a deception, certainly not such as Judge

1. Lewis v. Jones, 4 Cir., 27 F.2d 72, confirms the right to enforce the Virginia death statute by an in rem libel.

Dobie had in mind in Scarborough v. Atlantic Coast Line, 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491. Moreover, it is not an "excuse for the delay" envisaged by Judge Soper in his opinion in the prior decision on this case, 186 F.2d 992, 997, supra; it is not an "equitable excuse" mentioned in The Harrisonburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, supra. That is so because, well aware that departure may readily defeat a recovery through the lapse of time, Virginia nevertheless has not permitted it alone to extend the time in death cases. This is a declaration that absence, purposive or habitual, shall not by itself be a fact pardoning delay, and we cannot thwart the State's will by saying that in equity or admiralty things are different.

■ Virginia has bestowed upon admiralty a right to grant a recovery not previously possessed by admiralty. The endowment must be taken cum onere. This is not a "conceptualistic" view; it is simple justice—that rights and liabilities under the Act be the same on the water as on the land. An analogy is the obligation of admiralty to apply the common law doctrine of contributory negligence when enforcing a state death statute. Klingseisen v. Costanzo Transp. Co., 3 Cir., 101 F.2d 902.

All of the decisions cited for reliance by the libelant were causes predicated on torts congenitally maritime. None was contingent on a statute, State or Federal. Consequently, admiralty was free to measure the delay by the rule of laches only, looking upon the statutory limitations as no more than persuasive. The Slingsby, 2 Cir., 120 F. 748, 753; The Little, D.C., 168 F. 393, 396; The Alabama, 5 Cir., 242 F. 431, 433. This distinction is patly put in the Pope case, 164 F.2d 591, supra. Indeed, the thesis of the present libelant is there overthrown in respect to the Jones Act limitation.

Adopting the memorandum as a statement of its findings of fact and conclusions of law, the Court will enter a decree dismissing the libel with costs to the respondent.