## CONTINENTAL CASUALTY CO. v. THE BENNY SKOU.

### No. 6449.

United States Court of Appeals Fourth Circuit.

Argued Nov. 11, 1952.

Decided Dec. 3, 1952.

Henry E. Howell, Jr., and R. Arthur Jett, Norfolk, Va. (Jett, Sykes & Howell and Fred E. Martin, Norfolk, Va., on the brief), for appellant.

Thomas M. Johnston, Norfolk, Va. (Hughes, Little & Seawell, Norfolk. Va., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BARKSDALE, District Judge.

BARKSDALE, District Judge.

On September 6, 1947, James Bright, Jr., a stevedore, was killed while in the performance of his duties aboard the Danish vessel, Benny Skou, then engaged in loading cargo in the harbor of Norfolk, Virginia. James Bright, Jr., left two surviving dependents, his widow and his mother, who, on December 10, 1947, accepted an award pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. By reason of the payment of this award, appellant, Continental Casualty Company, the insurance carrier, was subrogated to the rights of the estate of the deceased. On March 9, 1949, Continental, as subrogee, filed its in personam libel against Thorden Lines, a Swedish corporation, and Ove Skou, owner of the steamship Benny Skou, to recover damages for the death of James Bright, Jr., under the provisions of the Jones Act, 46 U.S.C.A. § 688. On March 3, 1950, the libellant amended the libel by adding a claim under the Virginia Death by Wrongful Act statute. Section 8–633, Code of Virginia 1950. The District Judge dismissed this libel in personam, upon the grounds, that it could not be maintained under the Jones Act because Bright was not an employee of either Thorden or the Benny Skou, and it could not be maintained under the Virginia statute because not brought within the limitation of one year therein prescribed. Upon appeal, this court affirmed the judgment of the District Court. Continental Casualty Co., &c., v. Thorden Line &c., 4 Cir., 186 F.2d 992.

The Benny Skou sailed from the port of Hampton Roads on September 7, 1947, the day following the death of James Bright, Jr., and did not return to Virginia until March 20, 1951, upon which date Continental, as subrogee, filed the instant libel in rem and attached the vessel Benny Skou. The District Judge dismissed the libel because not filed within the one-year period prescribed by the Virginia Death by Wrongful Act statute. Continental Casualty Co. v. The Benny Skou, D.C., 101 F.Supp. 15. Upon this appeal, the sole question for determination is whether the absence of the Benny Skou from Virginia from September 7, 1947, the day following the death of James Bright, Jr., until March 20, 1951, the date of the filing of the instant libel and attachment of the vessel, tolled the one-year limitation of the Virginia Death by Wrongful Act statute when enforcement of the right of action given by the statute is sought by a libel in rem on the admiralty side of the United States District Court against the vessel charged with the tortious killing.

The applicable provisions of the Virginia Death by Wrongful Act statute, as set out in the Code of 1950, are as follows:

"§ 8–633. *Action for death by wrongful act.*—Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, or to proceed in rem against such ship or vessel or in personam against the owners thereof or those having control of her, and to

recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or defaults or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony. * * *

"Every action under this section shall be brought within one year after the death of the injured person, notwithstanding the provisions of § 8–24."

Section 8–24, to which reference is made in the last paragraph of the above quoted statute, is the general statute of limitations.

■ Undoubtedly, the Virginia statute creates a right of action, nonexistent at common law, and, in instances where death results by the wrongful act of any ship or vessel, provides for a choice of two remedies: the first, "in rem against such ship", the second, "in personam against the owners thereof". There would seem to be no doubt that the remedy in rem is in the nature of an admiralty lien and can be enforced in a federal court which has admiralty jurisdiction, and only in a federal court. The Glendale, 4 Cir., 81 F. 633, Lewis v. Jones, 4 Cir., 27 F.2d 72. Also, it would seem to be beyond doubt that this right of action with its in rem remedy was created by and depends entirely upon the Virginia statute.

■ The limitation of one year has been considered by the Supreme Court of Appeals of Virginia, and has been consistently held to be not an ordinary statute of limitations, but a substantive limitation, an indispensable condition of the liability and of the action which it permits.

■ The Supreme Court of Appeals of Virginia said in the case of American Mutual &c. v. Hamilton, 145 Va. 391, at page 403, 135 S.E. 21, at page 24:

"As was said in Commonwealth v. Deford, 137 Va. [542] 551, 120 S.E. 281, 284: 'The very right itself is accorded by the statute. As that statute is relied on, and the proceeding can be maintained only in accordance therewith, the limitation of time thereby prescribed is so incorporated in the remedy given as to make it an integral part of it, and hence makes it a condition precedent to the maintenance of the proceeding. It is a special limitation prescribed by the same statute which creates the right. The distinction between statutes of limitation which bar rights, which have once accrued, and limitations of time which are an integral part of the statute creating the right, is everywhere recognized, and as to this it is only necessary to cite one other Virginia case, Dowell v. Cox, 108 Va. 460, 62 S.E. 272, where it is held that the statutory requirement that an action for wrongful killing shall be brought within one year affects the right as well as the remedy and can therefore be availed of by demurrer.' "

See also: Manuel v. Norfolk & W. Railway Co., 99 Va. 188, 37 S.E. 957, Dowell v. Cox, 108 Va. 460, 62 S.E. 272; Branch v. Branch, 172 Va. 413, 2 S.E.2d 327.

Section 8–634, Code of Virginia 1950, specifically provides for the tolling of the limitation of the Death by Wrongful Act statute in one instance. The statute is as follows:

"§ 8–634. *How and when to be brought.*—Every such action shall be brought by and in the name of the personal representative of such deceased person and within one year after his or her death, but if any such action is brought within such period of one year after such person's death, and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of one year, and another suit may be brought within the remaining period of such one year as if such former suit had not been instituted."

Obviously, this statute has no application here, because neither this action, nor any

other, was instituted within the period of one year after the death of John Bright, Jr.

Section 8–33, Code of Virginia 1950, provides, as to the general limitation upon actions, when the defendant, "a person who had before resided in this State", departs from the state, absconds or conceals himself, or in other ways mentioned in the statute obstructs the prosecution of the action, the time during which such obstruction continued shall not be computed. It is not necessary to consider whether this statutory provision is applicable to an action for death by wrongful act, for in any event, it certainly has no application here, because at the time of the accrual of this action, the Benny Skou was not "a person who had before resided in this State". Griffin v. Woolford, 100 Va. 473, 41 S.E. 949, Embrey v. Jemison, 131 U.S. 336, 9 S.Ct. 776, 33 L.Ed. 172.

Counsel for appellant do not contend that either Section 8–33, or Section 8–634, is applicable here. It is the contention of appellant that since the Virginia Death by Wrongful Act statute created a right and a remedy enforceable only in admiralty, that admiralty should apply its "own doctrine of laches in lieu of the landlocked rigidity of a statutory period of limitations", and relies heavily upon Osbourne v. United States, 2 Cir., 164 F.2d 767, and a recent decision of this court, Scarborough v. Atlantic Coastline R. Co., 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491, certiorari denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343.

In both these cases the courts held that the very unusual circumstances of the cases tolled the period of limitation even though they were substantive limitations, that is, limitations which were integral parts of the statutes creating the rights of action. Appellant seeks to draw an analogy between these cases and the instant case, asserting that the absence of the Benny Skou from the jurisdiction of the District Court for the Eastern District of Virginia prevented the filing of an in rem libel against her and that this circumstance should toll the one-year limitation. However, these cases are not authority for appellant's contention.

In the Osbourne case, the libellant, a seaman, within a few months of the injury complained of, was interned by an alien enemy and was not returned to this country until after the expiration of the statutory periods of limitation of both the Suits in Admiralty Act, 46 U.S.C.A. § 744, and the Jones Act, 46 U.S.C.A. § 688. The court held that under the circumstances of that case the seaman's enforced absence tolled the statute of limitations even though the limitation was an integral part of both the Suits in Admiralty Act and the Jones Act. However, it must be carefully borne in mind that there, the court was dealing with federal statutes, the construing of which is the peculiar province of the federal courts.

The holding of the Scarborough case was quite similar. This was an action to recover damages for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 56. The action was instituted after the expiration of the three-year limitation prescribed by the Act, but the plaintiff alleged (and his allegation was taken as true on a motion to dismiss) that he had been prevented from instituting his action in time because of the gross fraud of the defendant. Notwithstanding the fact that the period of limitation was substantive, this court held that the fraud practiced on the plaintiff by the defendant would toll the limitation prescribed in the statute. However, it should be borne in mind again that the court was construing a federal statute.

Appellant also relies on State of Maryland, to Use of Burkhardt, v. United States, 4 Cir., 165 F.2d 869, 1 A.L.R.2d 213. This was an action to recover damages for the death of one Burkhardt under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq. The action was instituted after the expiration of the one-year limitation of the Maryland Death by Wrongful Act statute, Code 1939, art. 67, § 1 et seq., but within the limitation prescribed by the Federal Tort Claims Act. This court held that the action being one under the Federal Tort Claims Act, the limitation prescribed in that Act should apply rather than the limitation of the Maryland Act.

Here, however, the court is not dealing with nor construing a federal statute. The tort here complained of is not one which is essentially maritime. The right of action which appellant has sought to enforce is one created solely by the Virginia statute. Western Fuel Co. v. Garcia, 257 U.S. 233, 240, 42 S.Ct. 89, 66 L.Ed. 210. As the District Judge well said [101 F.Supp. 17]:

"Virginia has bestowed upon admiralty a right to grant a recovery not previously possessed by admiralty. The endowment must be taken *cum onere*."

As appellant grounds his action upon the Virginia statute, he is obliged to accept the statute in its entirety as construed by the Virginia court of last resort. As so construed, unquestionably the circumstances of this case do not toll the substantive one-year limitation.

This question has been passed upon by the Supreme Court twice: In The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358, after holding that the rights of action for death by wrongful act created by state statutes could be enforced in a court of admiralty, the court said:

"* * * The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within 12 months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. No one will pretend that the suit in Pennsylvania, or the indictment in Massachusetts, could be maintained if brought or found after the expiration of the year, and it would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right. No question arises in this case as to the power of a court of admiralty to allow an equitable excuse for delay in suing, because no excuse of any kind has been shown. As to this, it only appears that the wrong was done in May, 1877, and that the suit was not brought until February, 1882, while the law required it to be brought within a year."

As appears from the last two sentences of the quotation, the court left open the question of whether a court of admiralty had the power to allow an equitable excuse for delay in suing.

However, in the later case of Western Fuel Co. v. Garcia, supra, the administrator of the deceased seaman first sought an award under the California Workmen's Compensation Act, St.1913, p. 279, which case was not finally resolved against him until after the expiration of the one-year limitation of the California statute. There it was urged, as appellant's counsel urge here, that the rule of laches, and not the limitation of the statute, should be applied, for the reason that the law of laches was one of the characteristics of admiralty. It would certainly seem that the diligent effort of the administrator to obtain an award under the Workmen's Compensation Act, would have as strong an appeal to the court as the fact of the absence of the Benny Skou from Virginia in the instant case. But although the admiralty suit in the Garcia case was instituted just one year and sixteen days after the death of the seaman, the court, holding that the suit in admiralty was barred by reason of the state statute of limitations, said, 257 U.S. at page 242, 42 S.Ct. at page 90:

"The California Code of Civil Procedure, section 340, prescribes one year as the period within which an action for death caused by wrongful action or negligence shall be brought. It is admitted that under the circumstances here presented suit against petitioner if instituted in a court of that state would have been barred, and we are of opinion that the same limitation must

be enforced in respect of the admiralty proceeding. It was so decided in The Harrisburg, 119 U.S. 213, 214, 7 S.Ct. 140, 30 L.Ed. 358, a proceeding *in rem* begun in the United States District Court, Eastern District of Pennsylvania. * * *"

It therefore follows that the order of the District Court dismissing appellant's libel, will be

Affirmed.