**In re Fen CHEN, Debtor.**

**No. 03–10711–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 7, 2006.

Grace W. Kao, Alexandria, VA, for Debtor.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

The principal question presented in this case is whether a condominium unit owners' association may demand that a debtor pay condominium assessments, attorney's fees, costs and interest discharged in bankruptcy but included in a memorandum of lien, the enforcement of which is barred by the statute of limitations. The secondary issue raised is whether the condominium may demand that the debtor pay attorney's fees for releasing two judgment liens the debtor paid in additional to attorney's fees previously awarded to it in the two judgments themselves.

### Procedural Background

Fen Chen filed a voluntary petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code in this court on February 13, 2003. His chapter 13 plan was confirmed. On April 13, 2006, the debtor was authorized to refinance his principal residence which is a condominium unit, pay all liens in full and pay the chapter 13 trustee an amount sufficient to complete his chapter 13 plan. At closing, the Council of Co–Owners of Bolling Brook Towers Condominium demanded payment of two judgment liens, two memoranda of lien, an unsecured post-petition special assessment, and legal fees related to the preparation of a payoff letter and the release of the liens. Mr. Chen objected to the payment of the expired memoranda of lien and

additional attorney's fees, paid them under protest, and filed this motion for a refund.

### Factual Background

■ Mr. Chen bought a condominium unit at Bolling Brook Towers Condominium in 1992. On April 14, 1997, the condominium filed two memoranda of lien. The first memorandum asserted a lien for unpaid assessments for the months from July 1996, through January 1997, together with interest, costs, attorney's fees, and a returned check fee, all totaling $2,567.67.[1] The lien was released on August 23, 1999. The condominium filed a second lien also on April 14, 1997. It claimed a lien for the condominium assessment due on February 1, 1997, together with interest, costs, and reasonable attorney's fees, all totaling $762.28.[2]

About April 15, 1997, the condominium filed suit against the debtor in state court for $2,764.95 plus interest, costs, and reasonable attorney's fees. The affidavit attached to the warrant in debt stated that the debtor owed condominium fees for the months of February 1996, through and including February 1997, that is, the assessments claimed in both memoranda of lien filed on April 14, 1997. On August 27, 1997, the condominium was awarded judgment for all of the condominium fees claimed, costs of $30.00, and attorney's fees of $1,650.00. The judgment was docketed on October 30, 1997, and created a lien on the condominium unit.

On November 19, 1997, the condominium again filed two memoranda of condominium lien. The first one asserted condominium assessments due from March 1997, through August 1997, costs, and attorney's fees for a total of $2,148.00.[3] This memorandum of lien was also released on August 23, 1997. The second memorandum of lien was also filed on November 19, 1997. It claimed one condominium assessment which was due on September 1, 1997. It claimed a lien for $748.00 which included

---

1. The memorandum of lien claimed condominium fees of $2,307.19; interest of $85.48; a returned check fee of $25.00; costs of $50.00; and "reasonable attorney's fees" of $100.00.

2. The memorandum of lien claimed a condominium fee due on February 1, 1997, in the amount of $333.00, interest of $14.28, costs of $115.00, and "reasonable attorney's fees" of $300.00.

Section 55–79.84(C) of the Code of Virginia (1950) provides a condominium with the right to file a memorandum of lien for unpaid assessments falling due within 90 days prior to the filing of the memorandum of lien. All assessments claimed on the first memorandum of lien were outside the 90–day period; those on the second memorandum of lien (which was filed immediately after the first) were within the 90–day period. If a single memorandum of lien had been filed, the condominium would have been faced with the argument that a memorandum of lien improper in part is wholly unenforceable and could have lost its lien for the assessment that it could otherwise have properly asserted. Filing two memoranda of lien, one for the time-barred assessments and the second for the current assessment, if viewed separately, arguably protected the latter lien.

It is not immediately apparent why the costs claimed in the second memorandum of lien exceed the costs claimed in the first memorandum of lien or why the attorney's fees claimed in the second memorandum of lien are three times the amount claimed in the first memorandum of lien particularly when the second memorandum of lien is for a lesser amount. The allocation creates the impression that the condominium intentionally loaded up the facially valid memorandum of lien with attorney's fees incurred in preparing the facially invalid memorandum of lien.

3. The memorandum of lien claimed condominium assessments of $1,998.00; costs of $50.00; and attorney's fees of $100.00. This memorandum of lien like the memorandum of lien filed April 14, 1997 claiming $2,567.67 was filed more than 90 days after any of the assessments claimed in it became due. *See* Va.Code (1950) § 55–79.84(C).

costs and attorney's fees.[4]

In early 1998, the condominium issued a garnishment summons in execution of the August 27, 1997 judgment. At least in part in response to the garnishment, the debtor filed his first petition in bankruptcy on March 27, 1998. The petition was filed under chapter 7. He filed a suggestion in bankruptcy and the garnishment was dismissed by the condominium noting that the debtor had filed a petition in bankruptcy. The debtor received his discharge on July 2, 1998.

On December 18, 1998, the condominium filed a bill of complaint seeking to enforce its four memoranda of lien and its judgment lien. The condominium took a nonsuit on August 11, 1999, and, as noted above, released its two facially invalid memoranda of lien on August 23, 1999—the April 14, 1997 memorandum asserting a lien of $2,567.67 and the November 19, 1997 memorandum asserting a lien of $2,148.00.

Mr. Chen filed a second petition in bankruptcy in this court on October 9, 2001. The case was filed under chapter 13. The debtor successfully completed his chapter 13 plan and was granted a chapter 13 discharge on August 29, 2002.

On February 13, 2003, the debtor filed this case, his third petition in bankruptcy. This one was also under chapter 13. When the petition in bankruptcy was filed, the debtor was in arrears two months in the payment of his condominium fees but fell further behind during the pendency of the case. The condominium was granted relief from the automatic stay on December 15, 2004, to obtain a judgment against the debtor for the assessments then due and to docket any resulting judgment. *See In re Reynard,* 250 B.R. 241 (Bankr.

E.D.Va.2000); *In re Leavell,* 190 B.R. 536 (Bankr.E.D.Va.1995). The condominium obtained a judgment on February 24, 2005, and docketed it on November 9, 2005, thereby creating a judgment lien on the debtor's condominium unit. In June 2006, after having been authorized by this court to refinance his mortgage, the debtor paid off all liens of record and completed his chapter 13 plan. In order to complete the settlement, the debtor paid, under protest, amounts demanded by the condominium arising from the two time-barred but unreleased memoranda of lien and additional legal fees.

### *Condominium's Position*

The condominium argues that its two memoranda of lien were not affected by the debtor's bankruptcy discharges. A discharge granted by § 524 of the Bankruptcy Code only discharges the debtor's personal liability with respect to a discharged debt. While his personal liability for the unpaid condominium assessments was discharged, the liens arising from the memoranda of lien and the first judgment passed through his bankruptcies unaffected by his discharges. *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991).

The condominium further argues that under the Condominium Act, Va.Code § 55–79.41 *et seq.,* it has two liens for unpaid condominium assessments under Va.Code § 55–79.84(A); it timely perfected the liens as required by Va.Code § 55–79.84(C); the liens were not paid or satisfied and, they therefore were not required to be released under Va.Code § 55–79.84(F). Consequently, the memoranda of lien remain liens on the condominium unit. The assumption made by the condominium is that a lien for unpaid condomini-

---

**4.** The assessment for September 19, 1997, was $333.00. The costs claimed were $115.00. The attorney's fees claimed were $300.00.

um assessments, once perfected, "retains its validity and continuing nature until such time as the underlying debt secured thereby is paid or otherwise satisfied." Memorandum of Law at ¶ 9, quoting a 1989 Virginia circuit court decree. That is, a lien for condominium assessments perfected by a memorandum of lien remains a lien until the condominium is required to release it under Va.Code § 55–79.84(F) even if the enforcement of the memorandum of lien is itself barred by the statute of limitations contained in Va.Code § 55–79.84(D).[5]

The condominium further argues that it did not violate the discharge stay imposed by § 524 of the Bankruptcy Code because it did nothing to collect the discharged debt. It merely left the unenforceable memoranda of lien of record, expecting and finally receiving, a payoff request. It then prepared a payoff statement for the closing agent at the request of the closing agent that included the amounts due under its duly perfected, allegedly extant, but clearly unenforceable, condominium lien.

### Discussion

#### I. Validity of Condominium Lien

The law in Virginia is well established. The Virginia Supreme Court stated:

> Textbook writers and other authorities are generally agreed that there is a distinction between a pure statute of limitations, which must be specifically pleaded, and a special limitation pre-

scribed by a statute creating a new right; for example, the limitation of one year for instituting an action for wrongful death and the limitation of six months within which a suit may be brought to enforce a mechanic's lien. In the given instances, the right to bring the suit and the jurisdiction of the court is dependent upon the suit being brought within the period of limitation. *Savings Bank of Richmond v. Powhatan Clay Mfg. Co.*, [102 Va. 274, 46 S.E. 294 (1904)]; *Dowell v. Cox*, 108 Va. 460, 62 S.E. 272; *Leesburg v. Loudoun Nat'l Bank*, 141 Va. 244, 126 S.E. 196; *American Mutual Liability Ins. Co. v. Hamilton*, 145 Va. 391, 135 S.E. 21. The declaration or the bill in such cases is demurrable not only where it shows on its face that the prescribed period has elapsed; but also unless it affirmatively shows that such period has not expired. The statute relates to the very right of the action as well as the remedy. This rule is consonant with reason, and obtains in Virginia and most of the States. Burks' Pleading and Practice (3d Ed.), pages 213, 214.

> In Barton's Chancery Practice (3d Ed.), Volume I, at page 26, it is said: 'In Virginia it is now settled that the statute of limitations cannot be taken advantage of by demurrer except where a statute creates a right which did not exist at common law and fixes a term within which that right may be enforced,

---

**5.** The statute of limitations expired as to the April 14, 1997 memorandum of lien no later than February 11, 2000, and as to the November 19, 1997 memorandum of lien no later than February 29, 2000. Va.Code (1950) § 55–79.84(D) provided a 24–month statute of limitations at the relevant time. (It was changed to 36 months effective July 1, 2004. Acts 2004, cc. 778 and 786. Va.Code (1950) § 8.01–234 provides that repeal of a statute of limitations does not remove the bar of the statute as to a right of action or a remedy

barred before repeal.) The 24–month statute of limitations was tolled by the debtor's first petition in bankruptcy because the automatic stay imposed by Bankruptcy Code § 362 stayed the commencement or continuation of any action to enforce the liens. Va.Code (1950) § 8.01–229(C). Va Code (1950) § 8.01–229(E)(3) effected an additional extension of the statute of limitations arising from the commencement of the suit to enforce the memoranda of lien and the non-suit taken in it.

then, unless the bill seeking to enforce such right affirmatively shows that the suit was brought within the time limited by the statute, it will be bad on demurrer.'

*Branch v. Branch,* 172 Va. 413, 417, 2 S.E.2d 327, 329 (1939) *superseded by statute on other grounds,* Va.Code (1950) § 8.01–235, as recognized in *Harper v. City Council of Richmond,* 220 Va. 727, 737–38, 261 S.E.2d 560, 566–67 (1980) (see discussion below). *See also Barksdale v. H.O. Engen, Inc.,* 218 Va. 496, 498, 237 S.E.2d 794, 796 (1977) ("We have long recognized that there is a marked distinction between a pure statute of limitations and a special limitation prescribed by a statute creating a new right. . . . The special limitation is part of the right as well as the remedy, an integral part of the statute, and a condition precedent to maintenance of the claim.")

Burks, in his authoritative treatise on Virginia practice, states:

If a statute confers a right for the first time (i.e., a right that did not exist at common law) and at the same time fixes the period within which the right may be enforced, then the limitation is of the right, and not merely of the remedy. Here time is of the essence of the right and a condition of its existence and duration (and not a mere limitation of the remedy) and it should be alleged and proved that the action is brought within the period of existence of the right. The right is lost if not asserted within the statutory period.

Martin P. Burks, *Common Law and Statutory Pleading and Practice* § 231 (4th ed., 1952).

William Minor Lile states:

The statute of limitations, normally, does not bar the *right* but the *remedy* only—and the defense of the statute is a personal privilege of the defendant. The statute merely authorizes the defendant to shut the doors of the courthouse, as it were, upon the plaintiff when he seeks to enforce the right. The cause of action itself still exists, and is a valuable consideration for a new promise.

The preceding section, in which is stated the rule that the statute of limitations cannot be set up by demurrer, contemplates a statute thus operating on the *remedy* only. But now and then is met with a statute which, in terms or by construction, bars not the remedy only but the *right as well*—for example, where the right sought to be enforce is not one of the common law but is given by statute, and by the terms of the same statute there is prescribed a limit of time within which the right must be enforce. In such cases it is usually held that *time is the essence of the right,* and that the *right itself* is barred after expiration of the limit fixed.

William Minor Lile, *Equity Pleading and Practice* § 212 (2nd ed., 1922).

■ There is a clear distinction in Virginia between statutes of limitation that limit the remedy ("pure statutes of limitations") and statutes of limitations that limit the right ("special statutes of limitations"). The general statute of limitations is a pure statute of limitations and limits a claimant's remedy. It does not extinguish the claimant's right. A special statute of limitations limits the right itself. After the time within which the right may be asserted expires, the right itself is extinguished.

Numerous cases apply the principal that special statutes of limitations limit the right, not merely the remedy. *Barksdale v. H.O. Engen, Inc.,* 218 Va. 496, 237 S.E.2d 794 (1977) (worker's compensation); *Branch v. Branch, supra* (action to impeach a will) ("The very right itself is

provided by the statute, and the statute which creates the right prescribes a special limitation upon the right,—the time within which the right can be exercised."); *Town of Leesburg v. Loudoun Nat'l Bank*, 141 Va. 244, 126 S.E. 196 (1925) (appeal of tax assessment); *Commonwealth v. Deford Co.*, 137 Va. 542, 120 S.E. 281 (1923) (appeal of tax assessment); *Dowell v. Cox*, 108 Va. 460, 62 S.E. 272 (1908) (wrongful death); *Savings Bank of Richmond v. Powhatan Clay Mfg. Co.*, 102 Va. 274, 46 S.E. 294 (1904) (enforcement of a mechanic's lien); *Manuel, Adm'r v. Norfolk & W. Ry. Co.*, 99 Va. 188, 37 S.E. 957 (1901).

Until 1977, the distinction—a substantive distinction—affected parties' pleadings. If the limitation merely limited the remedy, the motion for judgment or the bill of complaint did not have to allege sufficient facts to show that the action was timely commenced. The defense of the statute of limitations could not be raised by demurrer. It was raised by a plea in bar or as a defense in the grounds of defense or answer. However, where the limitation was a part of the right and operated as a limitation on the right itself, sufficient facts had to be pled to show that the action was commenced within the applicable period. If sufficient facts were not alleged, the motion for judgment or the bill of complaint was subject to demurrer. Without these allegations, the cause of action was incomplete. The defense could also be raised by a plea in bar or as a defense.

In 1977 the General Assembly enacted Va.Code (1950) § 8.01–235 which states:

The objection that an action is not commenced within the limitation period prescribed by law can only be raised as an affirmative defense specifically set forth in a responsive pleading. No statutory limitation period shall have jurisdictional effects and the defense that the statuto-

ry limitation period has expired cannot be set up by demurrer. This section shall apply to all limitation periods, without regard to whether or not the statute prescribing such limitation period shall create a new right.

Acts 1977, c. 617. Section 8.01–235 did not change the substantive law concerning the distinction between pure and special statutes of limitations, only the procedure used to raise a statute of limitations. The last sentence of amendment recognizes the distinction between pure statutes of limitations and special statutes of limitation without altering the distinction. The amendment only changed the manner in which they may be raised, making the procedure the same for both pure and special statutes of limitations. It eliminated the necessity to allege sufficient facts showing that the action was commenced within the applicable period and eliminated the use of the demurrer to reach the issue. *Dodson v. Potomac Mack Sales & Serv., Inc.*, 241 Va. 89, 94, 400 S.E.2d 178, 180 (1991); *Harper v. City of Richmond*, 220 Va. 727, 738, 261 S.E.2d 560, 567 (1980).

Section 55–79.84(D) is a special statute of limitations. The condominium's right—the lien contained in Va.Code (1950) § 55–79.84(A)—expires when its right to perfect it or to enforce it, if timely perfected, expires. Va.Code (1950) § 55–79.84(C) and (D), respectively. Condominiums were unknown at common law and are purely creatures of statute. *Unit Owners Ass'n of BuildAmerica–1 v. Gillman*, 223 Va. 752, 762, 292 S.E.2d 378, 383 (1982) ("The entire condominium concept, and all pertaining to it, is therefore a statutory creation."). Section 55–79.84 is a comprehensive section of the Condominium Act concerning liens for assessments. It establishes the lien for assessments, and provides how and when the lien may be perfected, the priority of the lien once per-

fected, and the period of time within which a suit to enforce a perfected lien may be commenced. The statute confers a right for the first time that did not exist at common law; and, at the same time, fixes the period within which the right may be enforced. The limitation is of the right and not merely of the remedy. The right—the lien for unpaid condominium assessments—is lost if not asserted within the statutory period.

■ Condominium assessment liens and mechanic's liens are substantially the same. It has long been established that the statute of limitations for mechanic's liens is a special statute of limitation. *Savings Bank of Richmond v. Powhatan Clay Mfg. Co.* Like the condominium lien statute, the mechanic's lien statute "creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy." *Neff v. Garrard,* 216 Va. 496, 497, 219 S.E.2d 878, 879 (1975). The right to a mechanic's lien "expires upon the expiration of the limitation." *Id. See* Va. Code (1950) §§ 43–17 and 55–79.84(D). "[T]he statutory right and its remedy expired when the six months' limitation expired because suit had not been filed at that time." *Id.* For both mechanic's liens and condominium assessment liens, "the right and its remedy, both creatures of

statute" expire if not timely enforced. *Id.* 216 Va. at 497, 219 S.E.2d at 880.

The court concludes that the two memoranda of condominium liens ceased to constitute liens on the debtor's property when the period within which they could have been enforced expired without a suit to enforce having been filed. The condominium must disgorge all payments demanded and received in connection with them.

## II. Attorney's Fees

■ The condominium demanded, and received under protest, attorney's fees for preparing a payoff letter, releasing the two memoranda of lien, and releasing the two judgments. The demand for these attorney's fees was improper and the attorney's fees paid must be disgorged.

The demand for attorney's fees claimed in the expired but unreleased memoranda of condominium lien [6] is governed by Va. Code (1950) § 55–79.84(E) which provides that a judgment or decree shall include reimbursement for costs and attorney's fees.[7] Here there was no judgment or decree with respect to the memoranda of lien. The only suit to enforce the memoranda of lien was non-suited by the condominium. Had a later suit been filed after the expiration of the statute of limitations, the condominium would not have been successful and it would not have been awarded its costs or attorney's fees.[8]

---

**6.** The condominium assessment and interest on it claimed in the April 14, 1997 memorandum of lien were also included in the August 27, 1997 judgment. These amounts were properly paid as a part of the judgment and paid a second time, under protest, in connection with the memorandum of lien. The condominium now acknowledges that it cannot collect the same assessment twice and offers to credit the debtor's account with the overpayment. Thus, the only amount remaining in controversy on this memorandum of lien is the attorney's fees, costs and interest asserted.

**7.** In 2000, the General Assembly amended Va.Code (1950) § 55–79.84(E) to provide for an award of costs and attorney's fees to the prevailing party. Acts 2000, c. 906.

**8.** Even if the condominium were entitled to its attorney's fees under Va.Code (1950) § 55–79.84(E), none would have been awarded. It presented no evidence as to the amount of attorney's fees sought or the reasonableness of the amount. The Virginia rule is that each party bears his own attorney's fees unless a specific contractual or statutory provision provides to the contrary. *Lannon v. Lee Conner Realty Corp.,* 238 Va. 590, 594, 385 S.E.2d

■ The only other potential source for shifting the attorney's fees for the preparation of the payoff letter and for the release of the judgments to the debtor is by virtue of the judgments. However, the fees were part of the collection effort and were included in the original award of attorney's fees in the judgments. The claim for attorney's fees was merged into the original judgment and may not be the subject matter of a later suit. *Lee v. Mulford,* 269 Va. 562, 611 S.E.2d 349 (2005); *Sands v. Roller,* 118 Va. 191, 191–93, 86 S.E. 857, 858 (1915). The amount of attorney's fees awarded in the judgment is the total amount of attorney's fees that may ever be collected from the defendant with respect to the condominium assessments in question in the litigation even if the award later turns out to be improvident, that is, from the plaintiff's perspective, insufficient; or, from the defendant's perspective, unnecessary and unearned.

■ In addition to merging all attorney's fees into the judgment—both those

incurred up to the date of the judgment and those adjudicated at that time to be likely to be incurred after entry of the judgment to collect the judgment itself—a judgment creditor is required by statute to release the docketed judgment. Va.Code (1950) § 8.01–454. His failure to do so may result in a fine of up to $50.00. In addition, if the creditor fails to release a judgment, the debtor may file a motion with the court in which the judgment was rendered to have it marked satisfied. If the motion is sustained, the judgment lien will be released by the clerk of the court. Va.Code (1950) § 8.01–455(A). The costs of the proceeding, including reasonable attorney's fees, may be awarded to the debtor. Va.Code (1950) § 8.01–455(B). Neither § 8.01–454 nor § 8.01–455 condition the creditor's obligation on the payment of any fee or cost by the debtor.

### Conclusion

■ The memoranda of condominium lien do not constitute liens on the debtor's

380, 383 (1989). Here a statutory provision, Va.Code (1950) § 55–79.84(E), provides for attorney's fees.

When no amount is specified, as is the case with § 55–79.84(E), the court must "determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. *See Beale v. King,* 204 Va. 443, 446, 132 S.E.2d 476, 478 (1963). In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. *See id." Mullins v. Richlands Nat'l Bank,* 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991). The determination includes likely future attorney's fees to collect the judgment as well. *Id.* The burden of proof is on the proponent. This is in contrast to the situation where an amount is specified, such as a fixed amount or a percentage of the obligation. In that case, "[t]he amount specified in the contract, unless unreasonable or unconscionable, is the measure of recovery in the absence of other evidence. (citation omit-

ted). Upon the failure of the defendant to pay the notes, and the plaintiff had to place them in the hands of its attorney for collection, it was *prima facie* entitled to recover according to the terms thereof ten per cent attorney's fee provided it cost that amount, but the burden was on the defendant to prove that it did not incur that amount of expense or that the fee agreed upon in the notes was excessive or unreasonable." *Conway v. American Nat'l Bank,* 146 Va. 357, 364–65, 131 S.E. 803, 805 (1926).

Here the burden of proof is on the condominium to show the reasonableness of its alleged attorney's fees. Thus, even if the condominium were entitled to its reasonable attorney's fees, its failure to put forth any evidence of the reasonableness of the fees asserted bars any recovery. In this case, in light of the allocation of attorney's fees between the time-barred memoranda of lien and the timely-filed memoranda of lien, there is a serious question as to the propriety of the amount demanded for the preparation of the timely-filed memoranda of lien.

property because the right to the liens expired when the period within which they may be enforced expired. The condominium's conduct in demanding payment of the expired liens after the debtor's personal liability had been discharged in bankruptcy and in failing to release them in an effort to collect a discharged debt violated § 524 of the Bankruptcy Code. The amounts collected must be refunded to the debtor.

The condominium's demand for additional attorney's fees and costs to release the judgments was improper because the amounts sought were already part of the attorney's fees awarded in the underlying cases and were collected as a part of the judgments. These amounts must also be refunded to the debtor.